IN THE MATTER OF THE APPLICATION OF GEORGE W. TIER-
NEY FOR A LICENSE TO SELL MALT, SPIRITUOUS AND
VINOUS LIQUORS.

FILED APRIL 21, 1904. No. 13,432.

Liquor License. Under the provisions of section 1, chapter 50, Com-
piled Statutes, the licensing board, upon the hearing of an ap-
plication to grant a liquor license, must pass upon the character
and standing of the applicant and his citizenship, and the board
is without authority to delegate these functions to another per-
son or corporation by issuing the license in the name of one
shown to be not the real party in interest, upon the understand-
ing that such person or corporation will select a person to con-
duct the business under the license.

ERROR to the district court for Douglas county: LEE S.
ESTELLE, JUDGE. *Reversed.*

*Cooper & Dunn,* for plaintiff in error.

*Charles Ogden* and *Hamilton & Maxwell, contra.*

KIRKPATRICK, C.

This case is an application for a liquor license presented
by George W. Tierney to the board of fire and police com-
missioners of the city of Omaha. A remonstrance to the
granting of the license was filed by I. J. Dunn, a resident
taxpayer. The remonstrance was overruled by the board,
and the license granted. An appeal from the action of the
board was taken by Dunn to the district court, where trial
resulted in a judgment sustaining the action of the board.
From the judgment so entered the cause is brought to this
court on error.

The remonstrance filed by Dunn with the board, omit-
ting formal and certain immaterial portions, is in the
language following:

"3d. That said party is not entitled to a license for the
reason that he is not the real party in interest, but is secur-
ing said license to be used and controlled, not for himself,

but by the real party in interest, who is in fact securing, and who will control the said license if granted, to wit, the Storz Brewing Association."

At the hearing before the board, in lieu of all other evidence, an agreed statement of facts was presented, upon which the cause was submitted. This agreed statement of facts is in the language following:

"It is hereby stipulated by the said applicant and remonstrator that this application is made in the interest of and for the Storz Brewing Company, a corporation, of which said applicant is collector, said corporation being engaged in the brewing business; that the Storz Brewing Company has paid the license fee of $1,000 herein, and asks that the license be granted in the name of George W. Tierney, as a matter of convenience; that after the license is granted on this application, the Storz Brewing Company intends to place some proper person in charge of said saloon to operate the same under a business arrangement with the Storz Brewing Company, and who will run said saloon as his own business venture so far as the profits and losses of said business are concerned; that the Storz Brewing Company will not be interested in the profits, nor responsible for the losses of said business; said party will be placed in charge of said saloon to run it under the license of said applicant, and will be required to pay the Storz Brewing Company the license money by said Storz Brewing Company paid, and will be required to sell the beer of the said Storz Brewing Company, and to pay the rent of the building on such terms as may be agreed upon between said parties. It is understood that the party placed in charge of said saloon under the arrangement referred to will take out a government license in his own name to sell liquor at said place."

But a slight examination of the agreed statement of facts quoted is sufficient to show that the license in question ought not to have been granted. Section 1, chapter 50, Compiled Statutes (Annotated Statutes, 7150), being a part of the statute governing the granting of liquor

licenses, provides that, before a license shall be granted to
any person to sell liquor, a petition shall be presented to
the licensing board, setting forth that the applicant is a
man of respectable character and standing, and a resident
of the state. The licensing board has no right to grant a
license until it is made satisfactorily to appear that the
person to whom the license is to be granted, and who is to
run the saloon, is a man of respectable character and stand-
ing, and that he is a resident of the state. It is disclosed
by the agreed statement of facts that the man Tierney, in
whose name the license is to be issued as a matter of con-
venience, has no interest in the matter, but "that, if the
license is granted on this application, the Storz Brewing
Company intends to place some proper person in charge of
said saloon to operate the same under a business arrange-
ment with the Storz Brewing Company." It is proposed
to permit the brewing company to select the man who is to
conduct the saloon. The arrangement contemplates in-
vesting the brewing company with the function and re-
sponsibility of passing judgment upon the character and
standing of the man who is to conduct the business. The
selection is to be made entirely by the brewing company.
It is not only to determine his standing in the neighbor-
hood wherein he resides, but is also to pass upon the ques-
tion of his citizenship. We have experienced no difficulty
in coming to the conclusion that such an arrangement
would be an apparent evasion of the statute. It amounts to
an abdication by the board of its functions and legal pow-
ers, which are to become the regal garments of another in-
stitution not recognized in the statute. It is not for us
to deny that the brewing company is better qualified to
decide whether an applicant has the character and stand-
ing contemplated by the law, as well as decide the question
of his citizenship. But to us it seems quite plain that the
legislature deemed it wiser to vest this power in a duly con-
stituted and legal board, whose identity and personnel
would be matters of public knowledge, whose duties would
be to receive applications, hear and entertain remon-

strances, and bring to bear their own judgment and personal and official responsibility in deciding whether the applicant is shown to be qualified under the statute to be a licensee.  A liquor license is in the nature of a personal privilege, and the petitioners must represent the applicant to be such a person as the law permits to receive a license. The effect of the scheme disclosed by the agreed facts is to issue a license in blank, to be hawked and sold by the brewing company, and to take from the board its power to determine the character and fitness of the applicant.  This the law does not permit.

It is contended on behalf of the applicant that, inasmuch as Tierney is a man of respectable character, the presumption must obtain that the brewing company will consult with him in the selection of the man to run the saloon who will have a respectable character.  It is suggested that this court has said that the saloon may be run by an agent of the licensee, and that the scheme disclosed by the record amounts simply to this.  We do not see anything of merit in this suggestion.  The parties have, as we have already seen, attempted to do something neither allowed nor contemplated by the statute.  The action taken by the licensing board in overruling the remonstrance and granting the license, and the judgment of the district court upon the appeal are wrong and should be set aside.  It is therefore recommended that the judgment of the district court and the board of fire and police commissioners be reversed and set aside, and the license canceled.

LETTON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court and the fire and police commissioners is reversed, and the license canceled.

REVERSED.