IN THE MATTER OF THE APPLICATION OF FRED H. KRUG
FOR A LIQUOR LICENSE.

FILED NOVEMBER 2, 1904. No. 13,433.

1. **New Trial.** A motion for a new trial is not necessary in order to obtain a review of the judgment of the district court entered on the hearing of an appeal taken from an order of a licensing board granting or refusing a license to sell intoxicating liquors. *Bennett v. Otto,* 68 Neb. 652.

2. **Liquor License.** Under the provisions of section 1, chapter 50, Compiled Statutes, 1903, the licensing board, upon the hearing of an application to grant a liquor license, must pass upon the character and standing of the applicant and his citizenship, and the board is without authority to delegate these functions to another person or corporation by issuing the license in the name of one shown to be not the real party in interest, upon the understanding that such person or corporation will select a person to conduct the business under the license. *In re Tierney,* 71 Neb. 704.

3. ———. The board of fire and police commissioners of a city of the metropolitan class is without authority to grant a license to sell intoxicating liquors where the undisputed evidence discloses that the applicant has no interest in the license applied for, and that the same is for the exclusive use and benefit of a third party who is to be the unqualified owner and proprietor of the business of dealing in and selling intoxicating liquors for the sale of which the license is granted.

4. ———. A license to deal in intoxicating liquors is in the nature of a personal trust, and the applicant for such privilege must be a person able, willing and competent to carry out such trust, and not delegate it entirely to others.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed with directions.*

*Charles Ogden* and *Hamilton & Maxwell,* for applicant.

*Cooper & Dunn, contra.*

HOLCOMB, C. J.

This is a proceeding in error, prosecuted by the remonstrant, to have the record reviewed and secure the

reversal of an order of the district court dismissing his appeal taken to that court from an order of the board of fire and police commissioners of the city of Omaha granting a license to sell intoxicating liquors on the application of the person named therein as licensee.

1. It is urged by defendant in error that no motion for a new trial, as by law required, was filed in this case, and therefore no questions are properly presented for review. It is held in *Bennett v. Otto,* 68 Neb. 652, that a motion for a new trial is not necessary in order to obtain a review of the judgment of the district court entered on the hearing of an appeal taken from an order of a license board granting or refusing a license to sell intoxicating liquors.

2. The undisputed evidence in this case discloses that the applicant to whom the license was granted by the licensing board was not the real party in interest. It is, by the evidence submitted in support of the objections filed to the granting of the license applied for, rendered manifest that the business of dealing in intoxicating liquors for which the license was granted was to be conducted under the unqualified control, ownership and proprietorship of a third party, for whose sole and exclusive use and benefit the license was being obtained. The only possible qualification of absolute ownership of the business of owning and dealing in intoxicating liquors for the sale of which the license was granted is some evidence to the effect that the owner of the saloon would be required to conduct an orderly place of business. In principle, the case at bar comes altogether within the rule announced in *In re Tierney,* 71 Neb. 704. It is there held:

"Under the provisions of section 1, chapter 50, Compiled Statutes, 1903 (Annotated Statutes, 7150), the licensing board, upon the hearing of an application to grant a liquor license, must pass upon the character and standing of the applicant and his citizenship; and the board is without authority to delegate these functions to another person or corporation by issuing the license in the name of one shown to be not the real party in interest, upon the understand-

40

ing that such person or corporation will select a person to conduct the business under the license."

The evidence in the case at bar is positive and unequivocal to the effect that there existed no relationship whatever of principal and agent between the licensee and the owner and proprietor of the busines for whose benefit the license was being obtained. The license fee was not paid by the applicant but by the owner of the business, who thus sought to obtain authority to engage for himself and in his own behalf in the sale of intoxicating liquors. In speaking of the provisions of the law regulating the sale of intoxicating liquors, this court has heretofore said:

"An examination of the above provisions of law can scarcely fail to satisfy anyone that the people of this state have reserved to themselves, acting through the several local boards, county and city, the right to discriminate between the different applicants for liquor license, to license such applicants as upon the principles laid down should be deemed worthy, and refuse those who, upon the application of the same principles, should be held to be unworthy. A licensee, under the above provisions, accepts from the authorities a personal trust and assumes personal duties and responsibilities quite repugnant to the idea of his selling his license along with his stock on hand, furniture and fixtures. Under statutes much less discriminating than ours, it has been held by the courts of Kentucky, Indiana, Delaware, Alabama, Louisiana, Pennsylvania, New York, and other states, that a, liquor license is a personal trust or permit, and is incapable of assignment. In some cases it has been held that the privilege of selling intoxicating liquors was of so personal a nature that it could not be exercised through an agent." *State v. Lydick,* 11 Neb. 366. In *Watkins v. Grieser,* 11 Okla. 302, 66 Pac. 332, it is held:

"A license to deal in intoxicating liquors is in the nature of a personal trust, and the applicant for such privilege must be a person able, willing and competent to carry out

such trust, and not delegate it entirely to others whose character may not be such as the law requires of the licensee." See also *Hall v. Hart*, 52 Neb. 4; *Semple v. Flynn*, 10 Atl. (N. J.) 177.

Upon the authority of the cases cited, the judgments and orders of the district court and of the board of fire and police commissioners must be reversed and the license granted canceled, which is accordingly done.

JUDGMENT ACCORDINGLY.