JAMES C. BRINKWORTH ET AL., APPELLANTS, V. EMANUEL SHEMBECK, APPELLEE.

FILED JUNE 20, 1906. No. 14,356.

Liquor License: BURDEN OF PROOF. The burden of proof is upon an applicant for liquor license to prove that he is a man of respectable character and standing, when by remonstrance such fact is denied.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Reversed with directions.*

*E. O. Kretsinger,* for appellants.

*Rinaker & Bibb* and *Hazlett & Jack, contra.*

EPPERSON, C.

A petition signed by 34 persons was presented to the city council of the city of Beatrice, praying that a license be

granted to one Shembeck to sell malt, spirituous and vinous liquors in the Second ward of said city. It was stated in the petition that the petitioners were resident freeholders of said ward; that said Shembeck is a man of respectable character and standing, and a resident of the state of Nebraska; and it was prayed that a license be granted to him. The city council granted the license as prayed. On appeal to the district court, the order of the council was affirmed, and remonstrants bring the case to this court for review. Many assignments of error are argued in the brief of counsel, but, as we view the case, it is only necessary to consider the one which challenges the sufficiency of the evidence to support this petition.

Our statute provides for the granting of a license upon the application by petition of a majority (or 30) of the resident freeholders of the precinct where the sale of such liquor is proposed to take place, setting forth, among other things, that the applicant is a man of respectable character and standing, and praying that license shall be granted to him. In the case at bar no evidence was introduced to show that applicant was a man of respectable character and standing, or that he was a resident of the state. These allegations of the petition were specifically denied by remonstrants, and the applicant's character and standing were assailed by an allegation that he was a common and habitual drunkard. The question presented for decision is whether under these allegations it devolved upon the applicant to prove that he is a man of respectable character and standing. This court said in *In re Tierney*, 71 Neb. 704: "The licensing board has no right to grant a license until it has made satisfactorily to appear that the person to whom the license is to be granted, and who is to run the saloon, is a man of respectable character and standing, and that he is a resident of the state." See also *In re Krug*, 72 Neb. 576.

In 11 Am. & Eng. Ency. Law (1st ed.), p. 661, it is said: "Where the statute requires that every applicant for a liquor license shall be a 'fit person to be intrusted with the

sale of intoxicating liquors,' on application being made to obtain a license to retail liquors, and a remonstrance filed thereto on account of the alleged immorality and unfitness of the applicant, the burden is upon such applicant to prove his innocence." See also *Goodwin v. Smith,* 72 Ind. 113, 37 Am. Rep. 144; Black, Intoxicating Liquors, sec. 162. The record in the present case does not disclose that the board passed upon the character and standing of the applicant. The law requires the applicant to allege that he was of respectable character and standing, and the burden of proving this allegation by a preponderance of the evidence was upon him. There is a total failure of proof upon this point.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to cancel the license and dismiss the petition.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to cancel the license and dismiss the petition.

REVERSED.