WALTER MOISE ET AL., APPELLANTS, v. CHARLES F. WEYMULLER, APPELLEE.

FILED JANUARY 17, 1907. No. 14,573.

1. Intoxicating Liquors: SALES. A party having no knowledge to the contrary may deal with a person having charge and control of a saloon licensed to sell intoxicating liquors, on the presumption that such person is the owner and licensee thereof, or the duly authorized agent of such licensee.

2. ——: ——: VALIDITY. The courts will not enforce payment for a sale of liquors made by one possessing no license therefor.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Reversed.

I. J. Dunn, for appellants.

Hamilton & Maxwell, contra.

DUFFIE, C.

Walter Moise & Company, the appellants, are wholesale liquor dealers in Omaha. Weymuller, the appellee, is, or was in 1902, a licensed saloon keeper in that city. Moise & Company brought this action against Weymuller, claiming a balance due for liquors sold during the years 1902 and 1903. In their petition the appellants allege

that the defendant is indebted to them for goods and merchandise, consisting of malt, spirituous and vinous liquors sold and delivered to him in March and April of the year 1902, and in January of the year 1903, in the sum of $148.75, with interest from January 12, 1903; that the goods were sold to the defendant at his request, and received by him while he was engaged in conducting a saloon in the city of Omaha under a license duly issued to him by the proper authorities of said city; that Moise & Company during the time referred to were licensed liquor dealers in the city, and that no part of the amount sued for has been paid. The answer of the defendant was a general denial. For reply Moise & Company allege that during the years 1902 and 1903 Weymuller was a licensed liquor dealer at No. 4,506 North Thirtieth street in the city of Omaha, and conducted a saloon at said place under his said license, selling intoxicating liquors by his servants and employees who had charge of the saloon; that the liquors sued for were bought by the person in charge of the saloon to replenish the stock kept for sale, and said liquors so bought were sold in said saloon by the person in charge in the ordinary course of business under the license granted to appellee under which said saloon was conducted; that appellants sold and delivered said goods to the saloon referred to under the belief that those in charge were the agents of appellee, and that as a matter of law they were appellee's agents, regardless of any contract or agreement between said persons and the appellee. Upon the issues thus made the case was brought to trial before a jury, and after the appellants had introduced their evidence and rested the court directed the jury to return a verdict for the defendant. Plaintiffs' motion for a new trial was overruled and judgment entered upon the verdict, from which Moise & Company appealed.

The evidence shows that Weymuller, the defendant, obtained a license to conduct a saloon at No. 4,506 North Thirtieth street in the city of Omaha for the year 1902; that Moise & Company were licensed liquor dealers in

Omaha during that year; that during the years 1902 and 1903 Moise & Company sold to J. E. Lupton, "agent," liquors of the value of $188.75; that Lupton had charge of the saloon at No. 4,506 North Thirtieth street, and stated to plaintiffs' salesman that he was the buyer; that a license issued by the proper authorities of the city of Omaha running to the defendant was hung on the walls of the saloon; that $103.13 had been credited upon the bill. That the saloon in question was being operated under a license issued to the defendant is a question not in dispute, and the only question in controversy is the sufficiency of the evidence to warrant the court in submitting to the jury the fact of the relation, if any, which Lupton, the buyer of the goods, sustained to Weymuller, the defendant.

This court has held that a license to sell intoxicating liquors under the provisions of our statute is a personal trust, and that the party to whom it is issued assumes personal duties and responsibilities relating thereto; that he must either personally conduct the busines or place it in charge of an agent for whose acts he is responsible. *State v. Lydick,* 11 Neb. 366; *In re Tierney,* 71 Neb. 704; *In re Krug,* 72 Neb. 576. In this state of the law, one who finds a party in charge of a saloon, conducting the business, may presume that he is either owner, or agent of the owner, and deal with him as such. If owner, he may purchase such goods as he chooses. If agent of the owner, in charge of the business, he may purchase such goods as the business requires, and bind his principal therefor. There is no evidence in the record tending to show that Moise & Company had knowledge or notice that Lupton was not the agent of Weymuller, and nothing tending to show that he was not in fact such agent. Under the circumstances the law raises a presumption that he was agent of the party licensed to run a saloon at the place where the liquors were sold, and in the absence of evidence overcoming this presumption the jury should have been directed to find for the plaintiff.

We have not overlooked the case of *Moise & Co. v. Krug,* 72 Neb. 43, relied on by defendant to support the action of the district court, and which is commented on with needless asperity by counsel for appellant. It was there held that "the holder of a saloon license, who permits other parties to conduct a business under it in his name, is not liable for liquors furnished to those other parties by one who is aware of the situation, and deals with such parties on their own credit. As against such a claim, the license holder is not estopped to deny having made the purchase." No argument is needed to show that a person who conducts a saloon in his own name and for his own profit under a license issued to another is engaged in an unlawful business, and parties who furnish him goods for the purpose of conducting such illegal traffic cannot have the aid of our courts in enforcing payment of their claims. The law and good morals both demand that one who encourages the conduct of an unlawful trade or business by furnishing goods to be used therein shall be barred of an action against the purchaser, and the case referred to might well have been put upon that ground. *Storz & Iler v. Finklestein,* 46 Neb. 577, and 48 Neb. 27.

One other matter should be noticed. There is an entire absence of evidence showing that either Weymuller or Moise & Company had a license to deal in intoxicating liquors for the year 1903. This being so, the sales made during that year were illegal and cannot be recovered for. There was a small balance due upon sales for the year 1902, and for this, under the evidence in the record, the plaintiff should have judgment, with costs of suit.

We recommend a reversal of the judgment and remanding the cause for another trial.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.