SAMUEL Z. BATTEN ET AL., APPELLANTS, V. JACOB KLAMM, APPELLEE.

FILED OCTOBER 8, 1908.   No. 15,313.

1. Intoxicating Liquors: LICENSE: DUTY OF BOARD. In the matter of granting a license for the sale of intoxicating liquors, it is the duty of the licensing board to see to it that the licensee is a man of respectable standing and character. It is not permitted them to indulge the presumption that an applicant is of good standing and character, when it is denied by remonstrance.

2. ———: ———: PETITION: AFFIDAVITS AS EVIDENCE. Affidavits are incompetent to prove that the petitioners for a liquor license are freeholders when that question is properly placed in issue by remonstrance.

3. ———: ———: EVIDENCE. Upon the hearing before the excise board, a witness testified to circumstances which, if true, would establish sales of liquor by applicant to a minor during the preceding year. The board refused either to require the witness to disclose the name of the minor or to strike out his testimony. *Held*, Error.

4. ———: ———: APPEAL. Cities having excise boards who by statute are given exclusive power to license and regulate the sale of intoxicating liquors cannot appeal from an order denying or granting a license.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*John M. Stewart, T. F. A. Williams* and *J. M. Guile,* for appellants.

*E. F. Pettis, contra.*

EPPERSON, C.

Jacob Klamm, the appellee, made application to the excise board of the city of Lincoln for a liquor license for the year beginning May 1, 1907. A remonstrance was filed, in which, among other things, it was specifically denied that the petitioners are resident freeholders, remonstrators demanding strict proof as to each and every

one of them; and it was denied that the applicant was a man of respectable character and standing. It was alleged that during the preceding year the applicant, who then held a liquor license, had been guilty of selling liquor to habitual drunkards. There was also a general allegation that he had violated the law regarding the sale of liquor in the conduct of his business during the past year. The board denied the petition, but on appeal the district court overruled the remonstrance and directed the issuance of the license. Some of the remonstrators and the city of Lincoln appeal.

No evidence whatever was introduced for the purpose of showing that the applicant was a man of respectable character and standing. It is the policy of our liquor law that no liquor license shall be issued to any person, except the licensing board is satisfied that such person is a man of respectable standing and character. It is the duty of the board to see to it that each applicant is qualified, and so strict is the law in this respect that it is not permitted to indulge the usual legal presumption that a person is of good character and standing. We are cited to cases in other states holding that it is unnecessary for an applicant to prove his good moral character in the absence of evidence tending to impeach the same; in other words, that the usual presumption as to good moral character should prevail. But such is not the rule adopted by this court. See *In re Krug,* 72 Neb. 576; *In re Tierney,* 71 Neb. 704; *Brinkworth v. Shembeck,* 77 Neb. 71.

No sufficient evidence was introduced to prove that 33 of the 36 petitioners were freeholders within the ward, unless their affidavits are to be considered. It has been repeatedly held that, where remonstrators deny that the petitioners are freeholders, competent evidence must be introduced by the applicant to prove this fact. We are now called upon to determine whether or not affidavits are competent as evidence. It is the general rule that litigated issues of fact cannot be tried upon affidavits. We see no reason why there should be an exception in cases

of this nature. One reason for the rule is that by the use of affidavits the adverse party has no opportunity to cross-examine the witnesses. This alone, we think, should be a sufficient reason for holding that the affidavits were incompetent. The remonstrators are as much entitled to examine the witnesses upon this question as upon any other issue which may be presented.

One witness called by the remonstrators was permitted to testify to circumstances which, if true, would establish sales of liquor by applicant to a minor during the preceding year. The witness refused to disclose the name of the minor, and upon motion of the applicant the board refused to strike out his direct examination. This was clearly error. The board should either have required the witness to disclose the name of the minor or should have stricken his evidence. It is not sufficient to prove an illicit sale of liquor by such evidence as this. The applicant should have been given an opportunity to refute the evidence by calling any witness available who was acquainted with the facts. This was denied him because the name of the supposed minor was withheld. If the case depended upon this point, we would surely sustain the action of the district court in reversing the decision of the excise board.

We held recently that the excise board could prosecute an appeal to this court from the judgment of the district court. This decision was reached partly because by the statute the excise board is given the exclusive control of licensing and regulating the sale of intoxicating liquor in the city. The board is composed of public officers whose duty it is to look after the interests of the city in all matters pertaining to the licensing of liquor dealers. So long as this special function is entrusted solely to this board, we are of the opinion that other officers of the city and the city itself have no legal power to prosecute an appeal. We would not entertain this case were it not for the appeal herein by remonstrators.

Because the applicant failed to prove that the petition-

ers were freeholders, and that he himself was of good character and standing, the judgment of the district court should be reversed and the order of the excise board confirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

REVERSED.