ADOLPH WEILER ET AL., APPELLEES, V. E. H. FISCHER ET AL., APPELLANTS.

FILED APRIL 23, 1910. No. 16,006.

1. **Intoxicating Liquors: APPLICATION FOR LICENSE: APPEAL: PARTIES.** The provisions of chapter 50, Comp. St. 1909, entitled "Liquors", do not constitute the petitioners who sign an application for a license to sell intoxicating liquors either proper or necessary parties to an appeal to the district court from an order of the licensing board granting or refusing such license.

2. ———: ———: ———: COSTS. Where, on an appeal to the district court from an order granting such license, the signers to applicant's petition are not, as a matter of fact, made parties in any way thereto, and enter no appearance therein, the district court is without jurisdiction to order the costs of the proceedings taxed against them.

3. ———: ———: ———: ———: RELIEF IN EQUITY. Where the district court without jurisdiction has made such an order, it is not necessary for the persons affected thereby to make an application to that court to retax the costs. In such case they may maintain a suit in equity to enjoin the enforcement of the void order and remove the apparent cloud cast thereby upon the title to their real estate.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*W. W. Wilson* and *T. F. A. Williams,* for appellants.

*Pitzer & Hayward, contra.*

BARNES, J.

Suit in equity to enjoin the collection of a cost bill ordered by the district court for Otoe county to be taxed against the persons who signed the petition of an applicant for a license to sell malt, spirituous and vinous liquors, under the provisions of chapter 50, Comp. St. 1909, entitled "Liquors", commonly called the "Slocumb Law." The district court overruled a demurrer to the plaintiffs' petition and rendered a judgment thereon for the relief prayed, and the defendants have appealed.

It appears that the defendants elected to stand upon their demurrer to the plaintiff's petition and refused to further plead, so the only question for our determination is the sufficiency of the petition to entitle the plaintiffs to the relief prayed for. The petition will not be quoted in full. It is sufficient to say that it is alleged, in substance, therein that upon the 25th day of April, 1907, one Bernard Carls filed with the proper authorities of the village of Dunbar, in Otoe county, Nebraska, his petition for a license to sell intoxicating liquors for the ensuing year; that the plaintiffs signed his petition, and declared thereby that Bernard Carls, who made application for a license to sell malt, spirituous and vinous liquors, possessed the statutory qualifications, and asked for the issuance of a license to him, according to the law in such cases made and provided; that the applicant, Carls, caused the statutory notice to be published, filed the proof of publication, together with his bond, and deposited his check for the license money with the village board; that the defendants signed a remonstrance to the issuance of the license prayed for, and a hearing was had before the village board, at which time the applicant and the defendants herein appeared, and were represented by

counsel; that plaintiffs did not appear, and were not represented either by counsel or in person in the proceedings taken therein; that at the conclusion of the hearing, and upon May 22, 1907, the village board made its record in the case, overruling the remonstrance and sustaining the applicant's petition, and thereupon ordered that a license to sell malt, spirituous and vinous liquors should be granted to Bernard Carls; that those of the defendants who remonstrated to the issuance of the license filed a notice of appeal, entitled: "In the matter of the application of Bernard Carls for license to sell malt, spirituous and vinous liquors." The notice of appeal was directed to the chairman and board of trustees, to the village clerk, and to the applicant, and by it exception was taken to the granting of license to said applicant. That the appeal was perfected and the remonstrators caused the same to be docketed in the district court for Otoe county under the following title: "In the matter of the application of Bernard Carls for a license to sell malt, spirituous and vinous liquors"; that in the hearing upon the appeal in the district court the applicant, the board of the village of Dunbar, and the remonstrators alone appeared, and were represented by counsel; that none of the plaintiffs herein entered any appearance, nor were they represented by counsel, nor did they take any part in the proceedings in the district court; that on the submission of the case in that court the order of the village board was reversed and the applicant's license was ordered canceled; and thereafter, and on the 1st day of July, 1907, the court made the following order: "Now on this 1st day of July, 1907, it being a day of the May, 1907, term of said court, the parties herein being in court by their respective attorneys, this cause is called for trial, and now the court, having examined all of the evidence herein and listened to the argument of counsel, finds the issues in this case in favor of the remonstrators and against the applicant and petitioners, the action of the village board of the village of Dunbar in granting a

liquor license to Bernard Carls is vacated and set aside, and it is ordered and adjudged that the costs of this case be taxed to the petitioners. The court finds specially, in addition to the general findings, that· there was not the required number of *bona fide* resident freeholders on the petition, to all of which said petitioners and said applicant Bernard Carls except, and 40 days from the rising of the court are given to prepare and serve a bill of exceptions, bond fixed at double the costs. And now on this 2d day of July, 1907, this cause coming on further to be heard on the motion for a new trial filed herein, the court on consideration thereof overruled the same, to which applicant and petitioners except"—that on the 2d day of July, 1907, the term of the district court adjourned without. day; that prior to the time of the adjournment of court the plaintiffs herein had no knowledge of the entry of any order which in any way affected them; that the plaintiffs had employed no counsel, and no one was present in court who had any authority to bind them by any agreement, or in any manner whatever, and that the court was without jurisdiction to make any order or render any judgment against them; that, pursuant to said order, the clerk taxed the costs incurred in the district court upon appeal, and also all costs incurred at the hearing before the village board, to the plaintiffs; that the costs so taxed included one item of $262.50 for the bill of exceptions ordered by the remonstrators, and other costs, such as docket and witness fees, aggregating the sum of $432.20, no single item of which was actually incurred by the plaintiffs. It was further alleged that the defendants were demanding the issuance of execution by the defendant, the clerk of the district court, to be delivered to the defendant sheriff for collection from the property of the plaintiffs; that the clerk and sheriff were proceeding to comply with the demands of the defendants; that the plaintiffs are property owners and freeholders of. Otoe county; that by reason of the said order directing the clerk to tax said costs to them, and the

entry so made by him, an apparent lien or charge is created against their property, which is a cloud upon their title to the same. The petition concluded with a prayer for the cancelation of that portion of the pretended judgment which directed the taxation of costs against them, that it be held to be void as against them, and not in any way a lien or charge against their property; that the defendants be enjoined from attempting to collect the said costs from or out of their property, and for general equitable relief.

It is contended by the defendants that the proceeding to obtain the license in question was instituted by the plaintiffs; that the litigation was carried on by them, or that they had in law become parties to the proceeding in the district court, and that therefore the order of the court directing the clerk to tax all of the costs made in that court and before the village board to them was not void, but was the proper order to be made in such a proceeding. There is thus presented for our determination the question as to whether the persons who merely sign the petition of an applicant for license to sell malt, spirituous and vinous liquors under the provisions of the Slocumb law, who take no further part and have no further interest in the subsequent proceeding, are either proper or necessary parties, and whether the plaintiffs in this case were made parties on the appeal to the district court. It must be conceded that unless the petitioners were in fact, or as a matter of law, parties to the appeal, the district court was without jurisdiction to order the costs taxed to them.

A proceeding to obtain a license to sell malt, spirituous and vinous liquors is a special proceeding, and is regulated wholly by chapter 50 of the Compiled Statutes. It is provided in that chapter that such a license may be issued by the licensing board, whether it be the county commissioners of a county or the mayor and council of an incorporated city or village, if deemed expedient upon the application by petition of a majority of the resident

freeholders of the town, if the county is under township organization, and, if not under township organization, by a majority of the resident freeholders of the precinct where the sale of such liquor is proposed to take place, and, in case of an incorporated city or village, by a majority of the resident freeholders of the ward, setting forth that the applicant is a man of respectable character and standing and a resident of the state, and praying that a license may be issued to him. The law further provides that, after the filing of such a petition by the applicant, no action shall be taken thereon until at least two weeks' notice has been given, and after such notice, if there be no objections in writing made and filed to the issuance of the license, and all of the other provisions of chapter 50 have been complied with, it may be granted. It is further provided that if there be any objections, protest or remonstrance filed in the office where the application is made against the issuance of the license, and if it shall be satisfactorily proved that the applicant for the license has been guilty of the violation of any of the provisions of that chapter within the space of one year, or if any former license granted to the applicant shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license. Section 4, ch. 50, provides: "On the hearing of any case arising under the provisions of the last two sections, any party interested shall have process to compel the attendance of witnesses who shall have the same compensation, as now provided by law in the district court, to be paid by the party calling said witnesses. The testimony on said hearing shall be reduced to writing and filed in the office of application, and if any party feels himself aggrieved by the decision in said case he may appeal therefrom to the district court, and said testimony shall be transmitted to said district court and such appeal shall be decided by the judge of such court upon said evidence alone."

It thus appears that the right of appeal is accorded to

none but a party interested, and it seems clear to us that
the petitioners are not interested parties within the mean-
ing of the statute. One of the main purposes of the
Slocumb law was to establish local option in the matter of
the license and sale of intoxicating liquors. Hence, it
requires, in some cases, a majority of the resident free-
holders of the governmental subdivision in which license
is to be granted to sign the applicant's petition, while in
other subdivisions it requires a petition signed by at least,
30 of its resident freeholders, as an expression of local
sentiment, and to confer jurisdiction upon the licensing
board to act upon the application. The mere signing of
the petition does not constitute the petitioners applicants,
in the sense of the word as used in the statutes. As soon
as the petition is filed, the signers have no further in-
terest in the matter, and the proceeding from thence-
forth is one between the applicant and the objectors, if
any, to his application. If objection is filed and the state-
ments in the petition are denied, the burden is upon the
applicant, not the petitioners, to prove by competent evi-
dence that his application is signed by the required num-
ber of qualified petitioners, and, if he fails to do so, the
license must be refused. *Brown v. Lutz*, 36 Neb. 527;
*Brinkworth v. Shembeck*, 77 Neb. 71. In order to au-
thorize the issuance of a license, it must also appear that
the applicant is the real party in interest. *In re Applica-
tion of Krug*, 72 Neb. 576. In *In re Thompsen*, 84 Neb.
67, it was said: "Must the petitioners have personal
knowledge that the applicant is a man of respectable
character and standing in the community? Four only
of the petitioners were acquainted with the applicant.
The statute does not require the petitioners to have such
knowledge. If the allegation in the petition with refer-
ence to character is not denied, the excise board will gen-
erally accept that statement as true; if traversed, the
applicant, and not the petitioners, must make the proof."

Again, it can hardly be contended that, if the appli-
cant upon an adverse ruling by the licensing board should

decline to appeal, the petitioners would have that right, and thus compel the issuance of a license to one who no longer desires to procure it. So we are of opinion that ordinarily the petitioners are neither proper nor necessary parties to any of the proceedings subsequent to signing the petition of the applicant. In so holding we have not overlooked our former decisions, which hold that a member of the licensing board who signs the applicant's petition is disqualified to vote on the question of granting the license. We again approve of what is said in those opinions, but we are all agreed that the foundation for the rule there announced is not that the signing of the application makes the signers parties to the proceedings within the meaning of the statute; but, by becoming a petitioner, a member of the board disqualified himself to pass upon the merits of his own petition.

It is alleged in the plaintiffs' petition that they were not made parties to the appeal, and that the title in the district court was: "In the matter of the application of Bernard Carls to sell malt, spirituous and vinous liquors" —that the notice of appeal was directed to the chairman and board of trustees, to the village clerk of the village of Dunbar, and to the applicant; that plaintiffs had no notice of the matter of the appeal, and had no knowledge that any order was entered against them by the district court for Otoe county until after the adjournment of the term at which the appeal was heard. These allegations were admitted by the demurrer of the defendants, and so it clearly appears that the plaintiffs herein were not in fact made parties to the proceeding in the district court. It is also alleged, and is admitted by the demurrer, that they took no part in such proceedings; that no appearance was ever entered for them in that court, and for these reasons, if for no other, the district court was without jurisdiction to make any order which would bind them in that proceeding. We are therefore of opinion that so much of the order of the district court as directed the clerk to tax the costs of the appeal, of the bill of ex-

ceptions, and of the hearing before the licensing board, to the petitioners was absolutely void.

It is further contended by the defendants that plaintiffs have mistaken their remedy; that they should have applied to the district court for a retaxation of the costs; that, having failed to do so, they cannot maintain the present action. If the district court, as above stated, was without jurisdiction to make the order taxing the costs to the petitioners, the plaintiffs herein, such an application was not necessary on their part as a protection to their rights. If they had made such an application, no doubt the defendants would contend that, by so doing, they gave the district court jurisdiction. Without determining that question, it is sufficient to say that they were not required to take any steps in that proceeding by which it could be claimed they had entered an appearance and submitted to the jurisdiction of the district court. The order being void as to them, they could safely ignore it, and by a proper proceeding enjoin its enforcement. The petition herein sets forth that, although the order is void, it is an apparent lien or cloud upon the title to their real estate, and that the defendants are proceeding to wrongfully subject plaintiffs' property to the payment of the costs mentioned in said order. This is sufficient to confer jurisdiction upon a court of equity to grant the relief prayed for.

We are therefore of opinon that the plaintiffs' petition stated a cause of action; that the demurrer thereto was properly sustained; that the judgment of the district court was right, and it is therefore

AFFIRMED.