IN RE NICHOLAS A. SHUE.

NICHOLAS A. SHUE, APPELLEE, V. C. H. LEE ET AL., APPELLANTS.

FILED NOVEMBER 28, 1911. No. 17,323.

1. **Intoxicating Liquors: LICENSES: APPLICANTS.** A license to deal in intoxicating liquors is in the nature of a personal trust, and if it be shown that the applicant for such license has violated the law by engaging in the sale of liquors without a license therefor, and has also permitted others to carry on the business in his name, but in which he had no interest, although he may have a license, he is not a proper person to whom a license should be granted.

2. ———: ———: **TRANSFER.** A village board has no authority to permit the transfer of a license to sell intoxicating liquors.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, · JUDGE.  *Reversed with directions.*

*Martin & Bockes,* for appellants.

· *D. F. Davis* and *Reeder & Lightner, contra.*

REESE, C. J.

An application was made to the village board of Silver Creek by Nicholas A. Shue for a license to sell intoxicating liquors. A remonstrance was filed, which contained a general denial of the averments of the petition, and an affirmative allegation that the applicant had violated the provisions of the Slocumb liquor law within the past year. The petition alleged that the applicant was a "man of good moral character," and the denial of this averment cast the burden of proof of this issue upon the party alleging it. The license was granted by the board, and the remonstrants appealed to the district court, where the decision of the board was affirmed. Remonstrants appealed to this court.

A number of questions are presented as to the qualifications of the signers of the petition, but as the question of the fitness of Shue to be the repository of the trust imposed by the law will, of necessity, be a controlling one, no attention need be given to the others.

It is shown that for the year ending May 1, 1910, one Cachmark had a license to sell liquors in Richland, Colfax county, and that about the 1st of March, of that year, Shue purchased Cachmark's saloon, and without authority engaged and continued in the business under Cachmark's name until the close of the license year. Then he procured a license in his own name which would terminate May 1, 1911, and during that year he resold the business to Cachmark, and allowed the buyer to conduct the business in his (Shue's) name from March 1 to May 1 without any new license having been procured. It goes without saying that both these transactions were fraudu-

22

lent and in direct violation of law. A license must be issued, if at all, to the real party. *In re Tierney*, 71 Neb. 704. "A license to deal in intoxicating liquors is in the nature of a personal trust, and the applicant for such privilege must be a person able, willing and competent to carry out such trust, and not delegate it entirely to others." *In re Krug*, 72 Neb. 576. The burden of proof is upon an applicant for liquor license to prove that he is a man of respectable character and standing, when such fact is denied by the remonstrance. *Brinkworth v. Shembeck*, 77 Neb. 71. In this case the applicant showed by his own testimony that at least in the two instances he has violated the law, and is not a proper person to be entrusted with the responsibility of a licensed seller of liquors.

On the hearing before the village board, the applicant offered to prove that he obtained the permission of the village board of Richland to continue the business under Cachmark's license. An objection to this offer was sustained. In this the board at Silver Creek did not err. The Richland board had no authority to permit a clear violation of law.

The decision of the district court is reversed, and the cause is remanded to that court, with directions to reverse the order of the village board granting the license, and, if a license has been issued, that it be revoked and canceled.

REVERSED.