IN RE CHARLES M. SOKOL.

CHARLES M. SOKOL, APPELLEE, V. C. H. LEE ET AL., APPELLANTS.

FILED NOVEMBER 28, 1911.   No. 17,325.

</div>

Intoxicating Liquors: LICENSES: APPLICANTS. Where a bartender in charge of a saloon is shown to have sold whiskey and beer to a minor, knowing him to be such, and permitted him to drink

the liquors at the bar, within less than one year prior to the application for a license to sell intoxicating liquors, he is not a proper person to receive such license, and his application should be denied.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

*Martin & Bockes,* for appellants.

*D. F. Davis* and *Reeder & Lightner, contra.*

REESE, C. J.

An application was made to the village board of Silver Creek by Charles M. Sokol for a license to sell intoxicating liquors in said village. A remonstrance was filed by which a number of objections were presented, among which was the allegation that on or about the 24th day of May, 1911, the applicant sold intoxicating liquors to one Pete Newman, he being a minor of the age of 19 years. A hearing was had before the board, when a license was granted. The remonstrants appealed to the district court, where the action of the board was affirmed. They now appeal to this court.

A number of questions are presented by the briefs and were discussed upon the oral argument, but we do not find it necessary to notice any except the one above referred to, as it must control our decision.

W. J. Robinson was called as a witness by the remonstrants. He testified that on the 24th day of May, 1911, he, with one Pete Newman, went to a saloon in the village of Duncan, where he purchased liquors, and saw Newman buy from the applicant (who was then tending bar) both beer and whiskey; that Newman purchased whiskey twice and "beer several times"; that with him and Newman were two other boys, who did not go into the saloon, but remained outside the door in front. Newman was examined as a witness, and testified that he was 19 years of age; that he was in the saloon referred to with

Robinson on the date named, and purchased from the applicant and paid him for "about seven beers and two whiskies." Elmer Carlson, one of the boys referred to as accompanying Robinson and Newman, testified that he was 16 years of age; that he remained outside and in front of the saloon at the time Robinson and Newman were within; that he saw Newman drinking both beer and whiskey in the saloon. On cross-examination he testified that he had never drunk any whiskey nor beer, but had seen them, and by seeing them in this instance he could tell what they were. He also testified that from where he stood he could not see who was behind the bar, and therefore could not identify Sokol. For the purpose of rebutting this, Sokol, the applicant, took the stand, and testified that Robinson and Newman were in the saloon on the date named; that he was tending bar for his brother, who owned the saloon; that Robinson ordered a whiskey and a bottle of pop; that he filled the order, placing the whiskey in front of Robinson and the pop in front of Newman; that he did not know the whiskey was for Newman, but saw him drink it after he (Sokol) "had turned around" to put the money in the cash drawer; that he did not sell either of them any beer, and the two drinks were paid for by Robinson.

Should we assume that the testimony of Sokol is true, and that of the other witnesses false, we are yet confronted with the fact that he saw Newman in the saloon of which he had charge; that he knew Newman was a minor, for, on being asked by his attorney if he would have served liquor to him, he answered: "I guess not, because he is not of age;" that he saw Newman drinking the whiskey at the bar, but offered no objection or word of disapproval. The testimony submitted to the district court was in writing, being a transcript of the evidence taken before the board, and, so far as is shown, the court saw none of the witnesses and had no better opportunity to weigh their testimony than this court. The witnesses Robinson, Newman and Carlson were all disinterested, financially,

and we can see no reason why their testimony should be ignored. It is conceded that Newman drank whiskey at the bar; that Sokol knew of the fact at the time and made no objection. We can have no doubt of the truth of the testimony of the other three witnesses. It is true that the applicant is little more than a boy himself, being but 22 years of age, and, had he been of more mature years, his conduct might have been different, but this does not constitute any very cogent reason why he should be placed in sole charge of the trust which has been placed in his hands by the judgment of the board and district court. In making the sale to Newman he violated the law, and his license should have been denied.

The judgment of the district court is reversed, and the cause is remanded to that court, with directions to reverse the decision of the board of trustees, and ordering them to revoke and cancel the license, if issued.

REVERSED.