S. HIRSCH DISTILLING COMPANY, APPELLANT, V. JOHN J. ROACH, APPELLEE.

FILED DECEMBER 18, 1912. No. 16,899.

1. **Sales: ACTION: BURDEN OF PROOF.** In an action on account for goods sold and delivered, where the purchase and receipt of the goods are denied, the burden is on the plaintiff to prove such sale to the defendant.

2. ———: ———: QUESTION FOR JURY. Where the proof is that the goods were sold to one in charge of a saloon formerly occupied by defendant, and in which the defendant's license was posted up, that the order was signed by the person in charge, not as agent or manager, but in his own name, that the goods were ordered to be shipped to defendant, the order being given without defendant's knowledge or consent, and it is also shown that plaintiff afterward filed a claim for the account in the county court against the estate of the person who gave the order, a question of fact

is presented for the decision of the jury as to the person to whom the goods were sold.

3. ——— : ——— : EVIDENCE. That plaintiff had filed the claim against the estate of the person making the order for the goods is a circumstance tending to show that the goods were sold to such person.

APPEAL from the district court for Merrick county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*William Simeral* and *I. J. Dunn,* for appellant.

*Martin & Bockes, contra.*

REESE, C. J.

This action was commenced in the county court of Merrick county, and was on an account of liquors alleged to have been sold by plaintiff to defendant, a licensed saloon-keeper in the city of Grand Island, and delivered at various times during the months of July, September and December, 1908; the bill amounting to the sum of $348.14. The answer of defendant consisted of (1) a general denial of all unadmitted allegations of the petition; (2) admitted that he was a licensed saloon-keeper in Grand Island during the year 1908; (3) a special denial that plaintiff sold him any portion of the liquors for which the suit was brought; (4) alleged that, notwithstanding he had procured the license as aforesaid, on the 18th day of July, 1908, he ceased to engage in business in Grand Island, and removed to the city of Kearney, and has never since said date been engaged in business in Grand Island. The fifth paragraph of the answer need not be here noticed, except that it is alleged that the liquors, if sold as alleged, were sold to G. A. Mann, who was then engaged in the saloon business in Grand Island. The reply was a general denial, with an averment that no defense was stated in the answer, and an allegation that plaintiff had no knowledge or information at the time of the sale that defendant claimed to have sold his

43

saloon, or that Mann, in charge thereof, was not his agent
with authority to purchase, and that plaintiff dealt with
Mann as the agent of defendant. After a trial and judg-
ment in the county court, the case was appealed to the
district court, where, by stipulation, the pleadings in the
county court were made the pleadings in the district
court. A jury trial was had, which resulted in a verdict
in favor of defendant, and upon which judgment was
rendered; the motion for a new trial being overruled.
Plaintiff appeals to this court.

The principal question presented by the brief of ap-
pellant is one of fact as to whether Mann should be held
to be the agent of defendant in the purchase of the goods
described in the account. It is shown that Mr. Mann is
deceased, and therefore his testimony could not be had.
So far as the contention in this case is concerned, it may
be said that the goods, as charged in the bill, were sold
and delivered to some one; plaintiff alleges to defendant;
defendant denies the purchase. Plaintiff's salesman testi-
fied that on the 21st of July, 1908, he went to the place of
business in Grand Island, which defendant had, and, so
far as the salesman then knew, still occupied as a saloon,
and inquired for defendant, but was informed by Mr.
Mann, in charge, that defendant was out of town. Upon
being asked if any goods were wanted, Mann stated that
he could use some, and gave the order, signing his own
name thereto. The order was headed, "Send to J. J.
Roach, Grand Island," but whether this was by the direc-
tion of Mann we are not informed. Defendant testified
that he ceased to do business in Grand Island about the
18th of the same month; that he was succeeded in busi-
ness by G. A. Mann; that he removed to Kearney, and
shipped his stock of liquors to that place, and did not
authorize any other person to order liquors to be shipped to
him there after that date. It appears that his city liquor
license was permitted to remain posted upon the wall of
the saloon, and which was observed by plaintiff's agent.
There is no evidence of any inquiry having been made by

plaintiff's agent, nor any statements made by Mann, concerning defendant, except as above stated. The liquors were not paid for, and Mann, who it appears resided in Hastings, died. During the administration of his estate in the county court of Adams county, plaintiff filed a claim against his estate for the identical goods sued for in this case. Whether the bill was ever allowed against the Mann estate is not disclosed by the record before us. The proof of the filing of the claim is by the certificate of the county judge of Adams county, and the filing is not pleaded as payment, or estoppel, and, as we understand, was offered as a circumstance, for the consideration of the jury, tending to prove that plaintiff did not consider or understand that the sale was to defendant, but to Mr. Mann. For this purpose it was competent, relevant and material, and subject to such inferences and weight as the jury might think it entitled to. There was no explanation given for plaintiff's action in filing the claim, no contention that plaintiff understood Mann and defendant to be in partnership, nor other reason for filing the claim than that the goods were sold to Mann. This with all the other evidence in the case was for the consideration of the jury. There was no evidence that Mann was ever the agent of defendant, that he ever assumed to act as such unless in giving the order, or that defendant ever held him out as such, by word or act, unless leaving his license posted in the saloon amounted to such; but, on the contrary, the filing of the claim by the leading officer of plaintiff was to say, in effect, that the goods were sold to Mann, and to no other person. For those reasons, the case of *Aloise v. Weymuller*, 78 Neb. 266, is not in point.

It is claimed in plaintiff's brief that the certified copy of the claim against the Mann estate was not properly authenticated. This objection, however, was not presented when the evidence was offered; the objection being "incompetent, irrelevant, immaterial, not a proper defense, and not set up as a defense in the answer." Had the want of proper authentication been presented, it is quite probable that the objection would have been sustained.

We are unable to see that there has been a miscarriage of justice, and the judgment of the district court will have to be affirmed, which is done.

AFFIRMED.