CARL W. BOELTER, APPELLANT, v. GEORGE G. WILLIAMSON, APPELLEE.

FILED FEBRUARY 13, 1914.  No. 18,251.

1. **Intoxicating Liquors: LICENSE: PETITION.** In a village where there are less than 60 resident freeholders, a majority of the resident freeholders of the village must sign a petition for a license to sell intoxicating liquors in order to authorize the village board to grant the same. Rev. St. 1913, sec. 3869.

2. ———: ———: ———. The fact that one or more of such freeholders is disqualified to sign a petition for the issuance of a license can have no effect to waive or modify this statutory requirement, and, when there are 58 resident freeholders in a village, such a petition signed by 29 resident freeholders is insufficient to authorize the granting of a license.

APPEAL from the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Reversed.*

*C. S. Aldrich,* for appellant.

*Matthew Gering, contra.*

LETTON, J.

Appeal from a judgment of the district court affirming the action of the board of trustees of the village of Murdock in issuing a license to applicant George G. Williamson. The petition for license is signed by 30 persons. A remonstrance was filed, which denied that the signers of the petition are resident freeholders of the village, that the petition is signed by the requisite number of freeholders and alleged that the applicant has violated the liquor law by permitting the windows and doors of the saloon conducted by him in the village for the past year to be obstructed.

We are satisfied that the evidence does not support the charge that the applicant kept the windows and doors of his saloon obstructed, and that the real question in the case is whether the petition is signed by the requisite number of freeholders. The applicant claims that there are only 57 *bona fide* resident freeholders in the village, while the remonstrant insists that there are 62. There are 30 signers upon the applicant's petition. One of them is the wife of the applicant, and, as we held in *Powell v. Morrill,* 83 Neb. 119, is not qualified to sign a petition for the issuance of a license to her husband. This leaves 29 qualified petitioners. The village board and the district court found against the remonstrant upon the contention as to whether there were 62 *bona fide* resident freeholders of the village. Whether this conclusion is sound is really

Boelter v. Williamson.

immaterial, because upon the showing made by the applicant there is still a lack of qualified petitioners.

Much of the evidence produced to establish the number of resident freeholders in the village and the qualifications of the signers of the petition is incompetent, and, if tested by the rules laid down in *Starkey v. Palm,* 80 Neb. 393, *Batten v. Klamm,* 82 Neb. 379, and *Rosenberg v. Rohrer,* 83 Neb. 469, would not authorize the granting of a license. The evidence as to Mrs. Williamson is of the same defective character, but, assuming for the argument that the proof is sufficient and competent as to all (except the four whose deeds were placed upon record between hearings), the number of petitioners is still insufficient. The statute requires that the petition be signed by a majority of the resident freeholders. The whole number of freeholders is taken as the basis of computation, regardless of whether each is qualified to sign a petition or remonstrance or not. The applicant himself, or the respective members of the village board, though not qualified to sign the petition, may each constitute a freeholder in the village, and must be taken into account in ascertaining the number of *bona fide* resident freeholders therein. The status of being a resident freeholder is all that must exist in order to his enumeration. And so with the applicant's wife, if she is a resident freeholder she must be counted. The fact that she is not qualified to sign the petition can have no effect upon her status or qualification as a freeholder, since no such exclusion is made by the statute. Without Mrs. Williamson's name there were only 29 qualified signers to the petition, and, since there were 58 *bona fide* resident freeholders in the village, the petition did not bear the signatures of a majority. The margin is narrow, but it exists, and we must follow the statute.

The village board was without power to issue the license, and the judgment of the district court is

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.