NICHOLAS A. SHUE, APPELLEE, v. SCHOOL DISTRICT, APPELLANT.

CHARLES M. SOKOL, APPELLEE, v. SCHOOL DISTRICT, APPELLANT.

FILED JUNE 5, 1915. Nos. 18208, 18209.

Intoxicating Liquors: RECOVERY OF LICENSE FEE. A liquor license was granted by municipal authorities and the license fee paid. An appeal was taken, which was sustained, and the license afterwards revoked. The village authorities had reasonable ground to believe that the applicant was competent and qualified at the time they granted the license. No reason for its cancelation arose after it was issued. *Held,* that the applicant may recover back a proportionate part of the license fee for the period, before its issuance, and after its revocation, during which he was not permitted to enjoy the privilege granted.

APPEAL from the district court for Merrick county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Martin & Bockes,* for appellant.

*D. F. Davis* and *Reeder & Lightner, contra.*

LETTON, J.

The plaintiffs, each for himself, made application to the village board of Silver Creek for a license to sell intoxicating liquors for the year beginning May 1, 1911. A remonstrance was filed to each application which was overruled by the village board, but before the license was issued an appeal was taken to the district court for Merrick county, where the action of the board was sustained. The remonstrators appealed the cases to this court, where the action of the district court was reversed and the village board directed to cancel the licenses, which was done upon the 4th of January, 1912.

These actions are brought to recover a portion of the license fee collected by the village of Silver Creek and paid to the defendant school district. It is admitted that the

licenses were canceled on account of facts stated in the opinions in the cases of *In re Shue,* 90 Neb. 288, and *In re Sokol,* 90 Neb. 290, and not on account of any action of the plaintiffs during the term of the license.

Defendant contends that plaintiffs, each having knowingly and intentionally misled the licensing authorities into granting a license, are not entitled to recover back any part of the money paid for license; and that it is only where a license has been canceled without fault by the licensee that such recovery is permitted.

Plaintiffs rely upon previous adjudication of this court holding such recovery is proper. That the question as to the previous culpability of the applicants was not free from doubt, witness the decision of the village board and also of the district court in their favor. We are not convinced that the *mala fides* of the plaintiffs is so clearly shown or conclusively established that they should be penalized by refusing them a right accorded to others. We think, therefore, the case in its main aspects falls within the established rule.

But defendants also urge that plaintiffs are not entitled to recover for the period the licenses were suspended during the appeal to the district court. In *City of Auburn v. Mayer,* 58 Neb. 161, it was held that, where a liquor license was issued, an appeal taken, the license suspended, the appeal decided in favor of the applicant, and the license reissued, the licensee was entitled to repayment of such proportion of the license fee as the time when his enjoyment of the license was suspended bore to the license year. The question presented here is somewhat different, since the plaintiffs were never entitled to license. We can see no distinction in principle, however, between allowing recovery of the proportion of the license money for the time following revocation, and the proportion for the time before the applicant was permitted to take advantage of it. Each plaintiff is therefore entitled to recover the amount allowed by the judgment of the district court.

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.