548    COURT OF APPEALS OF WEST VIRGINIA.

Aug. Term,            Weeden vs. Bright et al.            1869.

# Wheeling.

## ELIZABETH WEEDEN vs. A. BRIGHT, et al.

### August Term, 1869.

1. A contract for real estate payable in so-called Confederate paper, though executed, is good as between the parties thereto, but void as to all other persons; and a court of equity will not lend its aid to either party to such contract.

2. Where a contract is made for the sale of real estate payable in so-called Confederate paper, and partly executed, and the vendor dies, such contract will not be allowed to interfere with the rights or claims of third parties, creditors of the deceased vendor; but they can assert their claims against the whole subject matter of the contract.

This cause came from Greenbrier county. The summons was brought to September rules, 1865.

The only question determined by this court was as to the validity of a contract made and partly executed, based on so-called Confederate treasury notes, and the effect of such a contract as to the rights of third parties. A sufficient statement of the matters bearing on this point appears in the opinion of the judge.

The defendant, Elizabeth Weeden, below, appealed to this court.

*R. F. Dennis* for the appellant.

*Snider* and *W. W. Peck* for the appellees.

BERKSHIRE, J.   Numerous errors are assigned in the decree appealed from, but in the view that I am constrained to take of the case, it will not be necessary to notice more than one of them, it being the one upon which the appellant's rights, if any, in the subject matter of the decree, are founded.

She claims the land, or an interest in the land, which has been sold under a decree in this case, under an alleged purchase from William Paige. It appears that Paige purchased the tract of land from John W. Truslow, and paid a part of the purchase money, and received a title bond, but no deed was ever made for the land by Truslow.

The sale by Truslow to Paige was in April, 1858.

On the 10th of June, 1864, Paige sold the same land for a large advance on his own purchase to the appellant, who paid a part of the purchase money in the so-called Confederate money, and it distinctly appears that the contract between her and Paige was based entirely on Confederate paper. The portion of the purchase money so paid by the appellant, was paid to Truslow in payment, as is alleged, of the residue of the purchase money due him from Paige.

The appellant, it appears, was put in possession of the land after purchase, but received no deed for the same.

After this Paige departed this life, being, as appears, largely indebted and in fact insolvent at the time of his death, and also at the time of the sale to the appellant. After the death of Paige these suits were instituted by his creditors, to subject, among other things, this land to the payment of the debts due from his estate, and a decree was accordingly rendered, under which the land has been sold and the proceeds applied to the payment of Paige's credilors. It is of this decree that the appellant here complains. She claims that she was a *bona fide* purchaser for value, and insists that she is, therefore, entitled to the aid of a court of equity, and the protection of her rights in the premises in the case, and this involves the question of the validity as to third persons of her contract with Paige. In the case of *Brown and others* vs. *Wiley*, 2 W. Va., 502, this court decided, and, as I think, correctly, that a contract for the sale of real estate payable in the Confederate paper, though executed, was good as between the parties to it, but void as to all other persons, and that a court of equity would neither lend its aid to the one party or the other, but leaves the parties to the illegal contract in the same condition in which

they had placed themselves, and this I understand to be in accordance with the well settled principles of equity applicable to such cases.    And the same doctrine held in the case of *Brown and others* vs. *Wiley*, has since been declared by the circuit and district courts of the United States for the State of Georgia in the cases of *Ann V. Martin* vs. *The Bartow Iron Works*; *Bailey, trustee*, vs. *Melner*, and *Scudder* vs. *Thomas*, reported in the 35 of Georgia reports at pages 320, 330 and 364.

It thus appearing that the appellant can have no interest in the land in controversy as against the creditors of her vendor, it follows that the other errors complained of, if they were admitted to be so, could not be to her prejudice, and it is therefore unnecessary to consider them.

I think the decree should be affirmed, with costs and damages.

The other judges concurred.

DECREE AFFIRMED.