EUGENE A. HALL, SHERIFF, v. NATHAN HART.

FILED JUNE 15, 1897.   No. 7363.

Fraudulent Conveyances: UNLAWFUL CONTRACTS: PUBLIC POLICY. An insolvent debtor, or one in failing circumstances who parts with money or property under a contract in violation of statute, or which is void as against public policy, will be held to stand in the same position as one making a voluntary conveyance in fraud of creditors.

ERROR from the district court of Box Butte county. Tried below before BARTOW, J.   *Reversed.*

*R. C. Noleman,* for plaintiff in error.

*William Mitchell, contra.*

POST, C. J.

The subject of the controversy in this action of replevin is a certain stock of liquors taken by the plaintiff in

error, as sheriff of Box Butte county, to satisfy an order
of attachment against David B. Chase in a suit then pend-
ing, wherein David Wise & Co. were plaintiffs and the
said Chase was defendant.   Practically the only question
at issue is whether one purchasing the stock and business
of a licensed saloon-keeper, and by agreement continuing
such business ostensibly in the name of, and by virtue
of the license issued to, his vendor, will be heard to claim
the property so purchased when taken to satisfy an exe-
cution or order of attachment against the latter for a
debt existing at the date of such transfer.   That question
was by the district court, in the rejection of evidence
offered and in directing a verdict for the plaintiff below,
resolved in the negative, and is now, by means of the
petition in error of the sheriff, defendant below, presented
for determination by this court.

We are unable to agree with the learned district judge
in holding that the evidence offered is irrelevant to the
issues presented.   The sale and keeping for sale in this
state, by any person, of intoxicating liquors without hav-
ing first procured a license therefor, is a misdemeanor,
for which a severe penalty is prescribed by statute. (Com-
piled Statutes, ch. 50, entitled "Liquors.")   If, as the evi-
dence offered tends to prove, the defendant in error, by
agreement with Chase, continued the business of the sa-
loon in the name of the latter, and, by implication,
claimed protection under the license issued to him, he
will not now be permitted to assert his own turpitude by
proof that the contract through which he claims is in
violation of the penal statutes and a fraud upon the
school fund of the state.   Such a proposition is alike
shocking to our sense of justice and opposed to the plain-
est principles of public policy and sound morals.   It
should, in justice to the district court, be observed that
its conclusion results, not from any different views re-
specting the validity of the agreement involved, but from
the apparent previous execution thereof by the contract-
ing parties.   The rule is, however, well settled that when

an insolvent debtor, or one in failing circumstances, parts with his money or property pursuant to an agreement of the character here involved, he will be held to stand in precisely the same position as if such payment or agreement had been voluntarily made for the purpose of defrauding his creditors. (*Clark v. Gibson*, 12 N. H., 386; *Weeks v. Hill*, 38 N. H., 199; *Jose v. Hewett*, 50 Me., 248; *Laing v. McCall*, 50 Vt., 657; Greenhood, Public Policy, 68 Wait, Fraudulent Conveyances, sec. 214; Bump, Fraudulent Conveyances, sec. 202.) It is clear, both upon reason and authority, that the agreement through which defendant in error is required to trace his title is void as to creditors of Chase, his vendor, and that the property in controversy was liable to execution for debts then owing by the latter. It follows that the district court erred in the rejection of the evidence offered, for which the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.