JEANETTE P. BECKER, APPELLANT, V. J. F. WILCOX, APPELLEE.

FILED APRIL 23, 1908. No. 15,157.

1. **Lotteries: STATUTE: CONSTRUCTION.** The rule that courts will not permit the recovery of the consideration paid upon an executed contract prohibited by statute does not apply to the vendee of a lottery ticket, for whose benefit the statute was enacted.

2. **Case Distinguished.** *Bowen v. Lynn*, 73 Neb. 215, distinguished.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*L. D. Holmes,* for appellant.

*James B. Kelkenney, contra.*

EPPERSON, C.

The petition and the answer herein in effect alleged and admitted that the defendant was the owner of a lottery ticket issued to him by the Devore Diamond Company, which he sold to the plaintiff. This action is brought to recover the purchase price. The court below sustained defendant's motion for a judgment on the pleadings. Plaintiff appealed.

The lottery ticket is substantially the same as that considered by this court in *Bowen v. Lynn,* 73 Neb. 215. It was there held that the purchaser of such lottery ticket or contract could not recover under the provisions of section 214 of the criminal code, which provides for the recovery by civil action of money lost at gambling. The plaintiff herein does not rely upon the provisions of that section; but it is her contention that, because section 225 of the

criminal code prohibits the sale of lottery tickets and imposes a penalty upon the vendor, she is not *in pari delicto*, and, as there was a complete failure of consideration for the purchase price paid to the defendant, she is entitled to recover. It is the general rule that one *in pari delicto* cannot enforce an executory contract, and, moreover, cannot recover back the amount paid upon an executed illegal contract. Cases are numerous which refuse recovery to one who has become the victim of a gambling adventure or of a lottery scheme, and such decisions are invariably founded upon the maxim: *"In pari delicto potior est conditio defendentis."* On the other hand, it is a well-established rule that, where one has paid money for an illegal consideration, he can, on account of its illegality, recover the same when he is not *particeps criminis* and is not *in pari delicto*. The sale of lottery tickets was not prohibited by the common law. It is made illegal in this state by section 225 of our criminal code, which provides: "If any person or persons shall vend, sell, barter, or dispose of any lottery ticket or tickets, order or orders, device or devices, of any kind, for, or representing any number of shares, or any interest in any lottery, or scheme of chance, * * * every such person shall be fined in any sum not exceeding five hundred dollars, or be imprisoned not exceeding six months, or both, at the discretion of the court." This, it will be observed, imposes no penalty upon the vendee. Had the statute declared the sale of lottery tickets illegal, and had it imposed a penalty upon both the vendor and vendee, or had it prescribed no penalty whatever, there can be no doubt but that the parties to a contract for the sale thereof, whether executed or executory, would be *in pari delicto*, and neither could appeal to the court for relief. But, as the legislature imposed the penalty upon the vendor only, it would seem that the statute was intended for the protection of purchasers of lottery tickets, and for this reason the purchaser by participating in the illegal transaction is neither *particeps criminis* nor *in pari delicto*.

A review of many of the authorities construing the rights of parties under a prohibited contract may be found in *Storz & Iler v. Finkelstein*, 46 Neb. 577. It is unnecessary to again quote from the same authorities. Especially, however, we desire to direct attention to *Tracy v. Talmage*, 14 N. Y. 162, and *Sacketts Harbor Bank v. Codd*, 18 N. Y. 240. In *Storz & Iler v. Finklestein*, *supra*, it was held: "No action can be maintained on a contract the consideration of which is either wicked in itself or prohibited by law." That rule is not applicable to the case at bar. It is to be followed in actions brought for the enforcement of executory contracts, or in actions founded upon any contract where the parties are *in pari delicto*. In *Gray v. Roberts*, 12 Am. Dec. 383, 2 A. K. Marsh. (Ky.) *208, it was held: "A contract in violation of law is void, and the courts will neither enforce payment nor enable one who has paid money thereon to recover it, if both parties are *in pari delicto*; but, if the law violated was intended to protect one of the parties against the acts of the other, they are not *in pari delicto*, and the party designed to be protected may recover money paid in violation of such law. Money paid for lottery tickets, where the lottery is forbidden by law, may be recovered, for the law is designed for the purchaser's protection; but, if the money was paid under a judgment of a court of competent jurisdiction, it cannot be recovered." That case in principle is identical with the case at bar. In the opinion we find the following: "If both parties are equally guilty of a breach of the law, a court of justice cannot interpose its aid in behalf of either; for it is a settled rule that *pari delicto potior est conditio defendentis*; but, where the transaction is in violation of a law made for the protection of one party against the acts of the other, they are not equally guilty, and the innocent party, when he has paid money upon such a transaction, may, without doubt, recover it back. * * * The act of 1769, for preventing and suppressing private lotteries, which was the law in force at the time of the

contract in this case, appears manifestly, from the pre-amble of the act, to have been designed by the legislature to protect the interest of others against the devices of those who should set up a lottery; and the enacting clause is made to operate upon the latter only. For it is only persons who set up the lottery, and not those who pur-chase the tickets, that offend against the provisions of the act."

The rule originated in England, and was adopted by American courts at an early date. The case of *Jaques v. Golightly*, 2 W. Black. *1073, was an action to recover money paid for the insurance of lottery tickets. Black-stone, J., said: "These lottery acts differ from the stock-jobbing act of 7 Geo. II, c. 8, because there both parties are made criminal and subject to penalties." In com-menting upon that case it is said in *Tracy v. Talmage, supra:* "The rule here suggested for determining whether the parties are *in pari delicto* seems reasonable and just. There are, undoubtedly, other cases in which the parties are not equally guilty; but it is safe to assume that, whenever the statute imposes a penalty upon one party and none upon the other, they are not to be regarded as *par delictum*. In *Browning v. Morris*, 2 Cowp. (Eng.) 790, Lord Mansfield, after referring with approbation to the case of *Jaques v. Golightly*, 2 W. Black. *1073, re-iterates the argument of Blackstone, J., in that case. He says: 'And it is very material that the statute itself, by the distinction it makes, has marked the criminal, for the penalties are all on one side—upon the office-keeper.' " "This distinction seems to have been ever afterwards ob-served in the English courts, and, being founded in sound principle, is worthy of adoption, as a principle of com-mon law in this country." *Inhabitants of Worcester v. Eaton*, 11 Mass. *368. In *Mount & Wardell v. Waite*, 7 Johns. (N. Y.) 434, an action to recover back money which the plaintiff had paid to defendant for issuing lottery tickets contrary to the statute, Chief Justice Kent said: "The plaintiffs here committed no crime in

making the contract. They violated no statute, nor was the contract *malum in se.* I think, therefore, the maxim as to parties *in pari delicto* does not apply, for the plaintiffs were not *in delicto.*"

· I am unable to find recent American cases holding to this same doctrine with reference to moneys paid for lottery tickets, but the same rule has recently been applied to other contracts prohibited by statutes which imposed a penalty only upon one party. In *Mason v. McLeod,* 57 Kan. 105, 41 L. R. A. 548, it was held that the purchaser could recover back money paid by him under a contract prohibited by statute for the purchase of a patent right, and the same court, in *Latham Mercantile & Commercial Co. v. Harrod,* 71 Kan. 565, held: "A policy holder in a fire insurance company not authorized to transact business in this state is not *in pari delicto* with the company or its agents." Cases are numerous holding that, under statutes prohibiting contracts for the payment of usury, the party injured may bring an action for the excess of legal interest. The theory of all such cases is that, inasmuch as the statutes were made for the protection of the party injured, he is not *in pari delicto;* and he may recover the amount paid for the illegal promise of the other·party. The reasoning of the English cases and of the early American cases above cited with reference to lottery tickets and lottery schemes have appealed to us as the better rule. We are unable to find any case to the contrary, unless *Bowen v. Lynn, supra,* may be considered as such. It seems, however, that, if we are right, then the conclusion reached in *Bowen v. Lynn* should have been different, for the contracts are substantially the same. The penalty imposed by section 224 upon the operators of a lottery is the same as that imposed by section 225 upon the vendors of lottery tickets. It was said in the opinion in *Bowen v. Lynn* that section 224 affords the losing party no civil remedy, and that the action is sought to be maintained under the proviso of section 214. It is apparent, therefore, that the reasoning

in *Bowen v. Lynn* is not contrary to the conclusion we have reached in this case. Undoubtedly, had the plaintiff there relied upon the rule adopted by the early American courts, instead of attempting to recover under the provisions of section 214 of the criminal code, the conclusion would have been different.

We recommend that the judgment of the district court be reversed and this cause remanded for further proceedings.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.