WALLACE M. BOON, APPELLANT, V. HERBERT E. GOOCH ET AL., APPELLEES.

HENRY CAMPBELL, APPELLANT, V. HERBERT E. GOOCH ET AL., APPELLEES.

FILED APRIL 3, 1914.   Nos. 17,597, 17,598.

Gaming: GRAIN OPTIONS: RECOVERY OF LOSSES. The courts of this state, prior to the enactment of a statute upon the subject, held that a contract to operate in grain options, to be adjusted according to advances in market value, and without the intention of either party that any grain should actually be bought or sold or delivered, is a contract for gaming transaction, against good morals and public policy, and have consistently refused to lend their aid to either party to such a transaction. In 1907 an act was passed making the keeping of a bucket-shop unlawful, and imposing a penalty upon any person keeping or operating one. Held, That the enactment of this statute did not affect the previous doctrine of this court, and that an action to recover the amount paid to a bucket-shop keeper as margins cannot be maintained.

APPEAL from the district court for Seward county: BENJAMIN F. GOOD, JUDGE. Affirmed.

*J. J. Thomas,* for appellant.

*Charles S. Roe,* contra.

LETTON, J.

This was an action to recover money alleged to have been paid as margins in a bucket-shop. A general demurrer was filed to the petition, which was sustained by the trial court, and the action dismissed. Plaintiff appeals. The petition in substance sets forth that the defendants kept a bucket-shop for the pretended buying and selling of shares of stocks, bonds, and of certain commodities on margins. Its language follows that of section 226a, criminal code (1907), which was in force at the time the transaction occurred. By this section in substance it is made unlawful to carry on a bucket-shop, office, or store where the pretended buying or selling of shares of stocks or bonds of petroleum, grain, provisions, or other products, on margins or otherwise, is without any intention of receiving and paying for the property so bought, or of delivering the property so sold. The keeping of all such places is prohibited. Persons or corporations guilty of violating the section are upon conviction punishable by fine or imprisonment, or both. It is alleged that plaintiff paid the defendants certain sums of money at different dates as margins, which were merely wagers on the future price of commodities, and were so understood by both parties, and that defendants took and kept the same.

The plaintiff insists that the prohibitions and penalties of this act are all against the bucket-shop keeper. That it does not penalize the patron of the bucket-shop, nor make the transaction on his part unlawful; that consequently the parties are not *in pari delicto,* and under the rule of *Becker v. Wilcox,* 81 Neb. 476, he may recover the money lost. He admits that, where parties are *in pari delicto,* the courts have usually refused relief to either, but insists that the rule is illogical and operates to the benefit of the guilty party by permitting him to retain the benefits of his wrongdoing, and thus rewards the party guilty of the greater moral turpitude.

The defendants take the position that the parties to the contract are *in pari delicto;* that such a contract is against public policy and public morals; and that no court will lend its aid to a cause of action which is based upon an immoral and illegal transaction of the nature pleaded by the plaintiff.

The question as to the nature of transactions of this kind first came before this court in *Rudolf v. Winters,* 7 Neb. 125, which was an action to recover upon a due bill given for margins. It was said in the opinion: "The test in such cases is whether the party requires the aid of the illegal transaction to establish his claim; and, if he cannot proceed without showing that he has broken the law, the court cannot assist him, whatever may be his demand." Part of the syllabus is as follows: "A contract to operate in grain options to be adjusted according to the differences in the market value thereof, is a contract for a gambling transaction which the law will not tolerate. It is *contra bonos mores,* and against public policy. Whenever a claim is bottomed on an immoral or illegal transaction, no right whatever can be founded upon such contract which the law will sanction or the courts maintain." This doctrine has been strictly followed ever since. *Sprague v. Warren,* 26 Neb. 326, 335; *Watte v. Wickersham,* 27 Neb. 457; *Morrissey v. Broomal,* 37 Neb. 766, 784; *Rogers & Bro. v. Marriott,* 59 Neb. 759; *Mendel v. Boyd,* 3 Neb. (Unof.) 473. The rule is practically a part of the American common law. Note on p. 758, 1 Am. St. Rep., to *Crawford v. Spencer,* 92 Mo. 498.

It will be seen that this view has prevailed for more than 35 years, and that the courts of this state have consistently refused to lend their aid to either party in such transactions. The enactment of the statute of 1907 imposing a penalty upon the bucket-shop keeper in nowise operated to change the nature of the contract or the relations of the parties. The fact that a penalty was attached to the keeping of a bucket-shop by the later statute, it seems to us, is immaterial in this connection. The transaction was illegal wherever conducted. In order to take the position of plain-

Boon v. Gooch.

tiff, we would be compelled to say that, while before the passage of this statute both parties to the transaction were equally guilty, by its passage the individual whose cupidity and love of gain led him to risk his money upon such a venture became purged of his offense, and an innocent party favored by law, while his partner in wrongdoing remained guilty. We cannot so hold.

*Becker v. Wilcox,* 81 Neb. 476, upon which plaintiff relies, is not a parallel case. The principle that parties *in pari delicto* cannot be aided by the court is specifically adhered to in the opinion. It was held that, since the sale of lottery tickets was not prohibited at common law, and since the statute made the sale illegal, but not the purchase, it was the intent of the law to protect the buyer against the seller, and hence they were not equally criminal. This reasoning is not applicable in this case, since the premises on which the conclusion rests are not identical. It may be questioned whether the attention of the court was directed, or whether sufficient force was given, in this case, to the provisions of section 224 of the criminal code, which made the existence of a lottery illegal. The cases of *Farmers' Cooperative Shipping Ass'n v. Adams Grain Co.,* 84 Neb. 752, and *Ives v. Boyce,* 85 Neb. 324, both involving the question in this case, have been decided since *Becker v. Wilcox, supra.* The identical point is decided in the *Ives* case. This was an action to recover money paid to defendant, who was operating a bucket-shop. Plaintiff based her right to recover upon two grounds: First, that she was entitled to recover under the common law; and, second, that she had a good cause of action under section 214 of the criminal code; but the court held against her on both contentions.

We think it needless to review the cases from other states cited in the interesting brief of plaintiff.

The judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.