# Geary, Trustee in Bankruptcy, Appellant, *v.* Schwem.

*Practice, C. P.—Affidavit of defense—Questions of law—Conclusions of law.*

1. Judgment cannot properly be entered for defendant, because of questions of law raised in an affidavit of defense, unless, from the facts averred, it appears as a conclusion of law, that plaintiff cannot possibly recover.

*Attachment execution—Fraud—Illegal transfer—Bankruptcy— Action to set aside fraudulent conveyance—Act of —, — Stat. —*

2. An attachment sur judgment, summoning a fraudulent transferee as garnishee, is not the only method by which a defrauded creditor may defeat an illegal transfer.

3. A trustee in bankruptcy may maintain an action to set aside a fraudulent conveyance although neither he nor any creditor has obtained a judgment. His status in this respect is judicially fixed by the adjudication in bankruptcy and paragraph (e) of section 70 of the Bankruptcy Act.

4. Although a party to a fraud will not be permitted to set it up, as proof of a cause of action or defense, one who has been defrauded has a right of action based on a disaffirmance of the illegal contract.

5. Although an illegal contract has been consummated, a creditor who has been injured may recover from the person who received money or property under that contract.

6. Payments or transfers made because of such a contract are without consideration, because they have no consideration which can be set up in a court of law.

7. When the law is invoked by an innocent party, a wrongdoer may lose much but can never gain anything by his wrong, even though, as between the parties to it, the wrong has been consummated and cannot be disturbed.

*Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045.*

8. Section 4 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, definitely determines that recovery can be had in such transaction occurring after its passage.

Argued April 21, 1924. Appeal, No. 285, Jan. T., 1924, by plaintiff, from judgment of C. P. Clearfield Co., Sept. T., 1921, No. 96, on question of law raised by affidavit of defense, in case of W. J. Geary, Trustee in Bankruptcy for John A. Greenwalt, v. James A. Schwem. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit by trustee in bankruptcy to recover moneys diverted from bankrupt's estate. Before BELL, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Geo. F. Whitmer,* with him *A. M. Liveright* and *A. A. Geary,* for appellant.—Schwem cannot derive any profit ·or benefit to the detriment of the innocent creditors of Greenwalt: Dean v. Negley, 41 Pa. 312.

Any conveyance made either directly or indirectly designed to defraud creditors is fraudulent in law and crediors have the right to inquire into the transaction, but, where bankruptcy has intervened, such right can be exercised only by the trustee, and that for the benefit of existing creditors: Ex parte Wilson, 4 Pa. 164; Connell's Est., 9 W. N. C. 406; Harlan v. Maglaughlin, 9 W. N. C. 353; Snyder v. Christ, 39 Pa. 499; Breckons v. Snyder, 211 Pa. 176.

This case is ruled by Heath v. Page, 63 Pa. 108, which held that under the statute of 13 Elizabeth, as between the parties to a fraudulent conveyance, the title passes; but as to creditors it is treated as in the grantor: First National Bank v. Cathers, 164 Pa. 343; Skiles v. Dickson, 147 Pa. 117; Driesback v. Keller, 2 Pa. 77.

*W. C. Miller,* with him *Howard B. Hartswick,* for appellee, cited: Pittsburgh v. Goshorn, 230 Pa. 227; Vandegrift v. Vandegrift, 226 Pa. 254; First Natl. Bank, Greencastle v. Baer, 277 Pa. 184; Mathews v. Wayne Junction Trust Co., 197 Fed. 237; Speise v. McCoy, 6 W. & S. 485.

OPINION BY MR. JUSTICE SIMPSON, May 12, 1924:

Plaintiff appeals from a judgment for defendant, on questions of law raised by the affidavit of defense. Under such circumstances, all the averments of the statement of claim must be taken as true, and the judgment should not be sustained, unless, from the facts averred,

it appears, as a conclusion of law, that plaintiff cannot possibly recover: Rhodes v. Terheyden, 272 Pa. 397. In this light we will determine the appeal.

Before the passage of the Eighteenth Amendment to the Constitution of the United States, and of the National Prohibition Act, defendant had been selling liquor at wholesale, and Greenwalt vending it at retail. Subsequently, in direct violation of both Constitution and statute, defendant sold a quantity of liquor to Greenwalt, and received payment for it. Under the statute this was a criminal act. During all the time covered by those sales and payments, Greenwalt was insolvent; he was subsequently adjudicated a bankrupt, and later discharged from his debts; and plaintiff, as his trustee in bankruptcy, was duly authorized to bring the present suit to recover from defendant the moneys thus paid to him by Greenwalt. Plaintiff's claim is based upon paragraph (e) of section 70 of the Bankruptcy Act, which provides that: "The trustee may avoid any transfer by the bankrupt of his property, which any creditor of said bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication."

The court below correctly overruled defendant's contention that, assuming a liability existed, the only method by which plaintiff could recover would be by obtaining a judgment against the bankrupt, and issuing an attachment sur judgment, summoning defendant as garnishee. This is one of the methods open to a creditor, if a payment or transfer was fraudulent (Heath v. Page, 63 Pa. 108); but it is not the only one. A creditor must sue and obtain judgment, for not otherwise can he legally establish his right as a creditor. This requirement does not apply to a trustee in bankruptcy, however; his status is judicially fixed by the adjudication in bankruptcy, and the provision above quoted; and he "may maintain an action to set aside a fraudulent conveyance.

although neither he nor any creditor has obtained a judgment": 12 R. C. L. 631.

The court below also held, however (and this was the basis upon which the judgment for defendant was entered), that creditors could not compel the return of the money thus paid, and hence plaintiff cannot, because "not only is [he] seeking to recover upon an illegal contract, but because of its illegality." To such a complaint, it was said, the law will not listen. This conclusion strangely confuses both the facts of the case and the law applicable to them. If it were held to be sound, then a creditor would always be barred; for if the contract, to which objection is made, was not illegal or fraudulent, there could be no recovery, since no wrong was done; and if it was illegal or fraudulent the law will not allow this to be shown. Of course, a party to such a contract will not be permitted to set it up, as proof either of a cause of action or defense (Holt v. Green, 73 Pa. 198; First National Bank of Greencastle v. Baer, 277 Pa. 184); he is a wrongdoer and the law always turns a deaf ear towards him; it is swift, however, to hear, and quick to aid, the one who has been wronged. Here, the creditors are the ones who have been wronged; they do not affirm the illegal contract, but expressly disaffirm it, and sue because of the disaffirmance. Whoso desires authorities on the self-evident proposition that suit may be maintained under such circumstances, will find them in Heath v. Page, supra, the cases quoted in it, those following in its train, and the authorities hereinafter cited.

We are thus brought to a consideration of the averments of the statement of claim, for the purpose of determining whether or not the action will lie. It is not alleged therein that defendant knew of Greenwalt's insolvency at the time of the sales and payments, though he was in fact insolvent; nor that a preference was intended by the payments made by him to the defendant, though the fact of insolvency, during the entire period,

necessarily made them preferential; nor that the parties intended, by the course pursued, to hinder, delay or defraud creditors, though, under the facts stated, this necessarily resulted.   The question to be resolved is, therefore, Where a vendor receives from an insolvent the consideration specified in an illegal contract, the effect being to hinder, delay or defraud the creditors of the insolvent, can the latter's trustee in bankruptcy compel the vendor to return the moneys thus received by him?

We have not found in our own cases any definite answer to this question, but elsewhere there is abundant authority on the point.   In Wait on Fraudulent Conveyances (3d ed.) page 386, citing and following the leading case of Weeks v. Hill, 38 N. H. 205, it is said: "One who has freely paid his money upon an illegal contract is particeps criminis, and no cause of action arises in his favor........ But when an insolvent debtor, or one in embarrassed circumstances, pays his money upon such illegal consideration, he stands, in relation to his creditors, in the same position as if he had made a voluntary conveyance of his property.   In contemplation of law he has, in fact, parted with his money for no consideration, because it is no consideration which can be set up in a court of law."   In Bump on Fraudulent Conveyances (4th ed.) page 230, it is said: "An illegal consideration is, in point of law, no consideration, and is not, therefore, sufficient to support a transfer as against creditors."   Greenhood in his Doctrine of Public Policy in the Law of Contracts, Rule LXXIV, page 68, says: "But when a conveyance or payment of money is made in satisfaction of liability upon a contract within Rule II [that is, inter alia, when it is 'opposed to the public policy of the state or nation'] such conveyance or payment may be avoided by the other legal creditors of the grantor."   And in 27 Corpus Juris 527, it is said: "An illegal consideration will not support a conveyance or transfer of a debtor's property, as against creditors, al-

though the performance of an invalid contract ends the matter so far as the parties to it are concerned."

These standard works cite many authorities in support of the texts quoted; a diligent search has revealed nothing to the contrary. In addition to the cases cited and referred to, those interested will find the present question considered and decided in Marbury v. Brooks, 7 Wheaton 556, in Weedon v. Bright, 3 W. Va. 548, in Laing v. McCall, 50 Vt. 657, in Hall v. Hart, 52 Neb. 4, and in Jose v. Hewett, 50 Me. 248, in the last of which it is somewhat quaintly said that "honorary creditors ......must yield to legal ones." The conclusion reached is, moreover, sound in principle. It would be a serious reflection on the administration of justice, if one who deliberately violates the law, would be allowed thereby to obtain a preference over honest creditors. Public policy would be a misnomer if this were permitted. Those in the position of defendant ought to know that, when the law is invoked, a wrongdoer may lose much, but can never gain anything; that the consummation of a wrong can never make it legally right.

It may be of interest to note that if this transaction had occurred after the passage of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, instead of before it, section 4 of that statute would have definitely determined that plaintiff was entitled to recover.

The judgment of the court below is reversed and a procedendo is awarded.