Bruce v. Ford.

---

WILLIAM BRUCE, APPELLANT, V. ROY FORD, APPELLEE.

FILED MAY 26, 1924.  No. 22781.

1. **Gaming.** A contract whereby plaintiff agreed to carry on certain deals in wheat upon the Chicago Board of Trade for the benefit of defendant, actual delivery of the grain not being contemplated, is a gambling contract, is illegal, and no cause of action arises thereon in favor of plaintiff for moneys advanced to pay losses resulting from such dealings.

2. **Evidence** examined, and *held* sufficient to sustain the verdict.

APPEAL from the district court for Phelps county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*W. D. Oldham* and *S. A. Dravo,* for appellant.

*A. J. Shafer, F. A. Anderson* and *O. E. Bozarth, contra.*

Heard before MORRISSEY, C. J., DAY, DEAN and THOMPSON, JJ., and REDICK, District Judge.

REDICK, District Judge.

The petition in this case declares upon a contract for the loan of money by the plaintiff to the defendant at the defendant's request. The answer of the defendant contains a general denial, and alleges the invalidity of the contract, asserting that the transaction referred to in the plaintiff's petition as a loan was in fact a gambling transaction involving trades in wheat upon the Chicago Board of Trade, in which the delivery of the wheat was not contemplated by either party, but that settlement was to be made. whether a profit or loss, upon the difference between the price at which the wheat was bought and that at which it was sold. The issues were submitted to a jury and resulted in a verdict and judgment for the defendant, and plaintiff appeals.

Waiving some informality in the assignments, the question presented by the appellant is whether or not the verdict is sustained by sufficient evidence, and, if not, that the court erred in submitting to the jury the question of the illegality of the contract.

Without setting out the evidence, the transaction between the parties as thereby disclosed was in substance the following: The plaintiff and defendant had both been dealing to some extent upon the Chicago Board of Trade through the commission firm of N. B. Updike & Company, which maintained a branch office at Holdrege, Nebraska. In January, 1917, the parties met at said office, and defendant desiring to purchase 10,000 bushels of wheat on the Board for May delivery, and plaintiff being in a position to place said trade for defendant through the Updike company without the deposit of cash margins to protect the same, it was agreed that plaintiff should place said trade for defendant, which he did. in his own name, on January 9, and on the 10th another trade for 5,000 bushels. Evidence for plaintiff was to the effect that defendant agreed to protect plaintiff from any loss resulting from said transaction, and, a loss having occurred. plaintiff seeks to recover in this action. The validity of the contract in this class of cases generally depends upon the intention of the parties with reference to the delivery of the grain. If actual delivery of the grain

was contemplated, the fact that such delivery was to take place in the future would not render the contract invalid; but, if the intention of the parties was merely to speculate upon the rise and fall of the market and make settlement on the contract for the difference in price, the transaction would be a mere gamble prohibited by the statute. Comp. St. 1922, sec. 9812.

A careful perusal of the testimony contained in the bill of exceptions convinces us that the preponderance is in favor of defendant's contention, but at any rate it was a question for the jury and their finding thereon should not be disturbed. The court did not err in submitting the question. The case seems to be controlled by *Boon v. Gooch*, 95 Neb. 678, and *Sunderland & Saunders v. Hibbard,* 97 Neb. 21. Plaintiff seeks to distinguish these cases by the fact that in each of these cases the plaintiff seeking to recover was the broker engaged in buying and selling upon the Board of Trade on commission, while in the case at bar the plaintiff was not connected with the Updike company, but was a mere trader or speculator the same as the defendant, and was therefore not connected with the illegal transaction. We can conceive of a case where the plaintiff made a loan of money to defendant in order that the defendant might use it in gambling upon the market and the loan not be tainted with illegality; but where, as in this case, the plaintiff conducted the illegal transaction for the defendant, the parties were *in pari delicto* and carrying on a transaction prohibited by law. The transaction does not differ from one in which I ask my friend to place a bet for me on a horse race, and which, being done, results in a loss of the money advanced by my friend. In such case all will agree that I am morally bound to reimburse my friend, but it seems equally certain that he would have no standing in a court of law to recover his loss. Contracts to indemnify another in contemplation of an act to be performed by him impliedly or by positive enactment forbidden by law are universally held to be illegal and the courts will leave the parties where they have placed themselves. *Jose v. Hewett,*

50 Me. 248; *Moss v. Cohen,* 15 Misc. Rep. (N. Y.) 108; *Atkins v. Johnson,* 43 Vt. 78.

The record is without error, and the judgment· of the district court is          AFFIRMED.

Note—See Gaming, 27 C. J. p. 1055, sec. 271; p. 1080, sec. 317; p. 1103, sec. 358.