MILLER, Receiver, Respondent, vs. LANGE and others, Appellants. [Three cases.]
*January 17—May 7, 1940.*

For the appellants there were briefs by *Corrigan & Backus,* attorneys for Walter W. Lange and Lillian Lange, and by *Wood, Warner & Tyrrell,* attorneys for the Crucible Steel Casting Company, all of Milwaukee, and oral argument by *A. C. Backus, Jr., Walter D. Corrigan, Sr.,* and *Edgar L. Wood.*

For the respondent there were briefs by *Gold & McCann* and *Lloyd S. Jacobson,* attorneys, and *Chester W. Wilson* of

counsel, all of Milwaukee, and oral argument by *Mr. Wilson*, *Mr. Jacobson*, and *Mr. Walter L. Gold*.

The following opinion was filed March 12, 1940:

MARTIN, J. There is no finding by the trial court as to the value of the assets or the amount of liabilities of the defendant Walter W. Lange as of the dates on which the alleged fraudulent conveyances were made. The evidence as to Mr. Lange's assets and as to the value of same as of the dates in question is not as clear and definite as we would like to have it. However, allowance must be made in view of the fact that this case was commenced more than eleven years after the first transaction occurred and more than eight years after the last. In the meantime we experienced a most serious world-wide economic depression.

The complaint in this action is grounded upon actual intent on the part of Walter W. Lange to hinder, delay, and defraud his creditors by making the transfers of stock referred to in the foregoing statement. The trial court so found. Is this finding against the great weight and clear preponderance of the evidence? Actual intent to hinder, delay, or defraud creditors is deemed fraudulent and will invalidate a conveyance regardless of insolvency. Sec. 242.07, Stats., provides:

"Every conveyance made and every obligation incurred *with actual intent,* as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors."

We have carefully examined the evidence to find support or lack of support for the finding of actual intent on the part of Walter W. Lange to hinder, delay, or defraud his creditors. Upon this issue plaintiff had the burden of proof to establish the alleged fraud by clear, satisfactory, and convincing evidence. *Massey v. Richmond,* 208 Wis. 239, 246, 242 N. W. 507.

Because of the lapse of time between the two transactions (March 16, 1927, and January 1, 1930) we have carefully

examined the evidence as to Mr. Lange's financial condition on the respective dates, and also to ascertain if the evidence disclosed any motive on his part to hinder, delay, or defraud his creditors by transferring the stock in question to his wife. The evidence is without dispute that at the time of the first transaction Mr. Lange was a man of substantial wealth with a large income. In 1927 he had an income of $26,208.14; in 1928, $35,198.28; in 1929, $62,663.95; and in 1930, $28,861.77. His income in prior years was much larger. His income for the year 1926 amounted to $93,670 from all sources. On March 16, 1927, and after transferring the South Side Malleable Casting Company stock and the Crucible Steel Casting Company stock to his wife, Mr. Lange still had a net worth well in excess of $100,000. As the depression continued and the value of stocks and securities became less, Mr. Lange requested his wife to return both the South Side Malleable Casting Company and the Crucible Steel Casting Company stock so that he might use same to further collateralize his loans. Mrs. Lange returned said stocks, which her husband immediately used for collateral. In addition to returning said stocks, Mrs. Lange reconveyed the home to her husband, whereupon they executed a mortgage on their home in the sum of $65,000 as additional collateral on his bank loans. There was no covering up of assets on the part of either Mr. or Mrs. Lange. Upon the undisputed facts, we are of the opinion that the finding of actual intent on the part of Mr. Lange to hinder, delay, and defraud his creditors is against the great weight and clear preponderance of the evidence.

What is said above with reference to actual intent on the part of Mr. Lange to hinder, delay, and defraud his creditors by the transfer of stock on March 16, 1927, is applicable to the transfer of the four hundred ninety-nine shares of stock of Gulf Securities Holding Corporation to his wife on or about January 1, 1930, and the finding of actual intent to hinder, delay, and defraud his creditors by this latter trans-

action, is, in our opinion, against the great weight and clear preponderance of the evidence.

The court found that each transaction, that is, the transfer of stock on March 16, 1927, and the transfer of the Gulf Securities Holding Corporation stock on November 7, 1932 (correct date is January 1, 1930), rendered defendant Walter W. Lange insolvent within the meaning of sec. 242.04, Stats. This section provides:

*"Contract producing insolvency, fraudulent.* Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

Sec. 242.02 (1), Stats., defines insolvency and provides as follows:

"A person is insolvent when the *present* fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

It should be noted that the court refers to the transfer of the Gulf Securities Holding Corporation stock as having been made on November 7, 1932. The uncontradicted evidence is to the effect that this transfer by Mr. Lange to his wife was made on January 1, 1930. The court made no finding as to whether Mr. Lange was solvent or insolvent on January 1, 1930. The error as to the date is explained by the following circumstance: On January 1, 1930, Mr. Lange executed an assignment of this stock certificate to his wife. She thereafter held the stock continuously until November 7, 1932, on which date the different members of the Lange family gave their stock to Mr. F. A. Lange, Sr., who was then leaving on a trip to Florida for the purpose of trying to negotiate a $50,000 loan by pledging all of the Gulf Securities Holding Corporation stock as security for the loan. Since the stock would remain in Florida for an indefinite

length of time, providing the loan was made, Mrs. Lange insisted on her husband executing a separate formal assignment of this stock to her, in addition to the assignment printed upon the back of said certificate. Mr. F. A. Lange, Sr., was unsuccessful in negotiating the loan in Florida and later returned the stock certificate to Mrs. Lange. However, if the finding of insolvency had been made as of January 1, 1930, it is our conclusion that it could not be sustained by the evidence. We are also of the opinion that the finding as to insolvency on November 7, 1932, is against the great weight and clear preponderance of the evidence.

Under the Uniform Fraudulent Conveyance Act, ch. 242, sec. 242.04, Stats., plaintiff had the burden of proving that Walter W. Lange was insolvent at the times he made the conveyances in question to his wife or that he was thereby rendered insolvent. Insolvency is not presumed. The fact of insolvency must be proved the same as any other material fact in the case. When the fact is established, then the presumption arises that the conveyances were fraudulent without regard to the party's actual intent. *Jaffe v. Ackerman,* 279 Mich. 304, 272 N. W. 685; *Watzel v. Beardslee,* 289 Mich. 522, 286 N. W. 813; *Smith v. Poppen,* 57 S. D. 25, 230 N. W. 229; *Federal Reserve Bank of Philadelphia v. Godfrey,* 120 N. J. Eq. 203, 184 Atl. 525; *Harder v. Harder,* 113 N. J. Eq. 540, 168 Atl. 61; *Camden Securities Co. v. Nurock,* 112 N. J. Eq. 92, 163 Atl. 547; *Trust Co. of Orange v. Garfinkel,* 107 N. J. Eq. 20, 151 Atl. 858.

In *Harder v. Harder, supra,* at page 542, the court said:

"The Uniform Fraudulent Conveyance Act made two important changes in the law: It excluded from the category of fraudulent conveyances a voluntary transfer, unless there was intent to defraud or unless the debtor was insolvent or was rendered so by the conveyance."

The judgment which is the basis for this action was entered on October 7, 1937. It will serve no useful purpose to make any comment on Mr. Lange's financial condition as of

this date. The only material facts are, (1) whether Walter W. Lange, at the times he transferred the stocks in question to his wife, had actual intent to hinder, delay, and defraud his creditors, and (2) whether at those times he was in fact insolvent or was rendered insolvent by reason of having made said transfers. As hereinbefore stated, the finding of actual intent and the finding that Mr. Lange was insolvent at the times in question are against the great weight and clear preponderance of the evidence and must be set aside.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs in one case only, on May 7, 1940.