[Civ. No. 21130.   Second Dist., Div. One.   Jan. 9, 1956.]

NORMAN TOKAR, Appellant, v. SEYMOUR C. REDMAN et al., Defendants; THE NORMANDIE CLUB (a Partnership), Respondent.

Joseph W. Fairfield for Appellant.

Leo K. Gold for Respondent.

NOURSE (Paul), J. pro tem.*—By his amended complaint in this action, appellant sought to recover from the respondent Normandie Club and others certain monies which it is alleged were paid to the respondent by the defendant Redman in payment of gambling losses. It also purports to seek declaratory relief. Respondent's demurrer to the amended complaint was sustained with leave to amend. Appellant refused to amend and judgment of dismissal was entered, from which appellant appeals.

So far as relevant to the disposition of this appeal, the facts alleged by the amended complaint are as follows:

That in February, 1953, the defendant Redman became indebted to appellant in a sum in excess of $3,000, and that this claim was reduced to judgment on the 25th of February, 1954; that the respondent was at all times mentioned in the amended complaint conducting and operating a gambling establishment and that during the year 1953 the defendant Redman participated in gambling games to wit: poker, (low) ball poker, draw poker, blackjack and other gambling games with respondent, its servants, agents and employees, with two other named defendants and with other persons whose names are unknown to plaintiff, but are alleged to be known to the respondent; that these gambling games took place two or three times a week during the year 1953, and that in them Redman lost to the respondent, and the other persons with whom he gambled, a sum in excess of $3,000, and that as a result of such loss Redman rendered himself insolvent and unable to pay his just debts. It is further alleged that a justiciable issue has arisen between the parties in that the appellant claims that the defendant Redman, while indebted to the appellant, gambled away to respondent and the others above mentioned with whom he gambled, a sum in excess of the amount to which he, Redman, was indebted to appellant, and that the respondent and the others with whom Redman gambled parted with nothing of value and should not be permitted to profit at the expense of Redman's creditors;

*Assigned by Chairman of Judicial Council.

that the respondent and the other defendants contend that since these were gambling losses the defendant Redman cannot recover them, and that, therefore, appellant cannot.

By the prayer to the complaint, appellant asks the court to declare that low ball poker, draw poker and blackjack are gambling games; that the premises of respondent and the premises of two of the other defendants are used for gambling purposes; that the money lost to respondent, and the others with whom Redman gambled, are gambling losses and for judgment against the defendants for the amount of appellant's judgment against the defendant Redman.

The complaint fails to state a cause of action for declaratory relief. The controversy which it alleges exists between appellant and respondent is merely the controversy as to whether the plaintiff has a cause of action and that must be decided on the facts alleged. The matters which he desires declared by this court as above mentioned, to wit: that certain games are gambling games; that the premises of the respondent and others are gambling premises and that Redman's losses were gambling losses, are not things as to which appellant has the right to a declaration. They are merely facts to be proven by appellant in establishing his cause of action. None of them, in and of themselves, in anywise, affects any duty or right of the plaintiff, and he has no right to a declaration as to their character, separate and apart from a finding upon such of them as may be ultimate facts.

We have come to the conclusion, for the reasons hereafter stated, that the complaint does not state a cause of action against respondent for the recovery of money, or allege any facts which would entitle appellant to an accounting from respondent.

The theory of the amended complaint is that the facts therein alleged show a fraudulent transfer within the meaning of section 3439.04 of the Civil Code, which reads as follows:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

In order to establish a fraudulent conveyance under this section, three things or elements must be pleaded and proved:—first, there must be a conveyance or the creation

of an obligation; second, the transferor must be, at the time of the conveyance, insolvent or the conveyance must render him insolvent; third, the conveyance must have been made, or the obligation incurred, without a fair consideration.

In our opinion, the facts alleged in the amended complaint sufficiently show the presence of the first and third elements above mentioned, but fail to show that the defendant Redman's gambling losses to the respondent occurred at a time when Redman was insolvent, or that they rendered him insolvent.

■ The payment of money in satisfaction of a gambling debt is a conveyance within the meaning of this section (Civ. Code, § 3439.01). ■ All of the games mentioned in the amended complaint are gambling games, and while the playing of either draw poker or low ball draw poker is not made a misdemeanor by the provisions of section 330 of the Penal Code, the playing of them, as well as the playing of blackjack (twenty-one), for money is unlawful as contrary to the policy of express law and good morals (Civ. Code, § 1667; *Lavick* v. *Nitzberg*, 83 Cal.App.2d 381 [188 P.2d 758], and cases there cited).

■ The playing of these games for money being illegal, the consideration for the payment of a gambling loss incurred in playing them, that is, the opportunity to win more than the amount wagered, is likewise illegal, and does not constitute a fair consideration for the monies paid. (*Geary* v. *Schwem*, 280 Pa. 435 [124 A. 630, 34 A.L.R. 1294], and cases cited in annotations thereto; *Marbury* v. *Brooks*, 7 Wheat. (U.S.) 556 [5 L.Ed. 522]; 37 C.J.S. § 144, p. 968.) ■ It follows, therefore, that if a debtor, then being insolvent, gambles away his assets, or, being solvent, gambles away his assets and thus becomes insolvent, he has made a conveyance without fair consideration and his creditors may recover from the person who has received his money.

■ Respondent argues that the transaction being an illegal one, Redman and respondent are *in pari delicto* and that inasmuch as Redman could not recover his losses from respondent, appellant may not. There is no merit in this contention, for it is only in the exceptional case of a fraudulent transfer that a transferor has the right to recover. The cases cited by respondent in support of his contention (*Depner* v. *Joseph Zukin Blouses,* 13 Cal.App.2d 124 [56 P.2d 574]; *Booge* v. *First Trust & Sav. Bank,* 64 Cal.App.2d

532 [149 P.2d 32]) are not in point. Neither of them involved a fraudulent transfer.

The amended complaint does not plead facts which meet with the second necessary element of a fraudulent transfer. It fails to allege that Redman was insolvent when he paid his gambling losses to respondent, or that the payment to respondent, as distinguished from the payments to all of the persons with whom Redman gambled, rendered him insolvent. It alleges that over a period of a year Redman gambled with respondent, its servants, agents and employees, with two other named persons, their servants, agents and employees, and with others, and as a result of the year's gambling, became insolvent. This is not an allegation that he was insolvent at the time he gambled with respondent, or an allegation that his gambling with respondent resulted in his insolvency.

If Redman was not insolvent when he gambled with respondent, then his payment of his losses did not result in a fraudulent transfer (there being no intent to defraud), and the fact that he later gambled with others and thus became insolvent, would not make his payment to respondent a fraudulent conveyance. (*Fross* v. *Wotton,* 3 Cal.2d 384 [44 P.2d 350]; *Hibernia Sav. & Loan Soc.* v. *Belcher,* 4 Cal.2d 268 [48 P.2d 681]; *Kirkpatrick* v. *Towers,* 60 Cal.App.2d 251 [140 P.2d 681]; *Norton* v. *Blenkiron,* 138 Cal.App. 66 [31 P.2d 807]; *Angier* v. *Worrell,* 346 Pa. 450 [31 A.2d 87]; *Miller* v. *Lange,* 234 Wis. 460 [290 N.W. 618].)

Appellant was given the opportunity to amend his complaint, but failed so to do and we must presume that he has stated his case as strongly as it was possible for him to do. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 320 [253 P.2d 659].) His pleading, as it stands, only alleges that as a result of a year's gambling activities with respondent and with others, Redman became insolvent and this, as we have said, is not an allegation that he was insolvent when he gambled with respondent or that his gambling with respondent rendered him insolvent.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.